CHANDOS, INCORPORATED, *a Corporation*

*v.*

SAMUEL SAMSON, JR., KEITH R. WHITTEN,
COMMITTEE FOR SAMUEL SAMSON, JR.

(No. 12491)

Submitted January 25, 1966.        Decided March 1, 1966.

*Campbell, McNeer, Woods, Bagley & Emerson, Robert K. Emerson, James R. Bailes,* for appellant.

*Marshall, Harshbarger & St. Clair,* for appellee.

BERRY, JUDGE:

This is an appeal from a final order of the Circuit Court of Cabell County, West Virginia, of June 11, 1965, overrul-

ing a motion to substitute the duly appointed and qualified Committee for the defendant and to set aside a default judgment entered by the Court on June 4, 1965. The case was submitted for decision upon arguments and briefs at the January Regular Term, 1966, of this Court.

On February 1, 1965, the plaintiff, Chandos, Incorporated, a Corporation, instituted an action in the Circuit Court of Cabell County in which it alleged in its complaint that the defendant Samuel Samson, Jr. obtained a loan from it on November 30, 1963, in the amount of $10,000, signed a note due one year from the date thereof, and owes the plaintiff the amount of said note, with interest, and demanded judgment against the defendant in the amount of $10,000, plus interest and costs. On February 19, 1965, the then attorney for the defendant filed an answer denying each and every allegation contained in the complaint. A notice to take the defendant's deposition on February 26, 1965, was apparently served on either the defendant or his attorney. Inasmuch as certificates of service were omitted from the printed record, no certificate of service is contained in the record before us to indicate upon whom it was served or when, but apparently insufficient time was given for the taking of said deposition because a motion was filed by the then attorney for the defendant stating that the notice was received by the defendant on February 23, 1965, and thus reasonable time was not given for the taking of the deposition and that it did not specifically indicate what testimony defendant would be required to give. On February 26, 1965, an order was entered by the trial court upon the defendant's motion ordering that the deposition of the defendant be taken ten days from the date of the order. An amended notice to take defendant's deposition was apparently served on either the defendant or his then attorney stating that pursuant to the direction of the judge notice was given to take the defendant's deposition on March 13, 1965, in the office of the plaintiff's attorneys. No certificate of service of this notice is contained in the printed record. Apparently neither the defendant nor his then attorney appeared on the second date set for the taking of the deposition and as a result thereof

a motion was filed by the plaintiff's attorney to strike the answer of the defendant and grant "summary judgment" to the plaintiff, because neither the defendant nor his counsel appeared for the taking of the deposition in compliance with the notice heretofore given and because the defendant's counsel stated, when called, that he was unable to control his client and they would not be present for the taking of the deposition. The motion concluded with a prayer that the defendant's answer be stricken and a summary judgment be awarded to the plaintiff, in pursuance to Rule 56, R.C.P. A notice was attached to the motion stating that the plaintiff's attorney " * * * will bring the above motion on for hearing on before this Court on the 27th day of March, 1965 at 9:30 A.M. of that day or as soon as counsel may be heard." No certificate of service of this motion is contained in the printed record.

On May 27, 1965, the judge of the trial court wrote a letter to plaintiff's attorney, to the attorney who had represented the defendant and to an attorney who, as a later portion of the record shows, was the attorney for the defendant's Committee, in which it was stated that on March 26, 1965, the day before the plaintiff's motion was set for hearing, the court had heard oral arguments concerning relief sought by the plaintiff under Rule 37 (d), R.C.P. in connection with the defendant's failure to appear for the taking of his deposition and that "since it is apparent that the defendant wilfully failed to appear for the giving of his deposition" on March 13, 1965, after being served with proper notice, the judge was of the opinion to strike out all of the defendant's answer filed February 19, 1965, and to enter default judgment against the defendant in the amount of $10,000 with interest and including expenses incurred in connection with the defendant's failure to appear for the taking of his deposition. The letter concluded that the court's action was in conformity with Rule 37 (d), R.C.P.

Following this letter, on June 4, 1965, an order was entered by the trial court reciting that oral arguments were held on March 26, 1965, on plaintiff's motion to strike the defendant's answer and to enter a default judgment for the

plaintiff, making the court's letter of opinion of May 27, 1965 a part of the record, sustaining plaintiff's motion and granting judgment against the defendant.

Some time after the entry of the order of June 4, 1965, a motion in accordance with Rule 55 (c), R.C.P. was made under the provisions of Rules 60 (b), 7 (b) and 6 (d), R.C.P. by an attorney for Keith R. Whitten reciting that Whitten had theretofore been appointed Committee for the defendant Samson, who had been declared on March 22, 1965, an incompetent by the County Court of Cabell County, as proved by an attached copy of the certificate of appointment, and moving that the Committee be substituted in the place of the defendant Samson as the defendant in the action and further moving to reconsider and set aside the default judgment order entered on June 4, 1965. The grounds given by the Committee for reconsidering and setting aside the June 4, 1965, order were: (1) There is no evidence in the record that defendant failed to appear for the deposition; (2) plaintiff failed to file an affidavit showing the failure to appear, and showing the amount due, as required by Rules 55 (b) and 43 (e), R.C.P.; (3) there is no evidence in the record as required by Rule 37 (d), R.C.P. to support the court's finding that defendant wilfully failed to appear for the taking of a deposition; (4) although the Committee will admit that defendant did not appear, it was not a wilful failure because at that time the defendant was suffering from a mental disease, did not have sufficient insight or capacity to answer the questions, was confined in a mental hospital and attendance would have injured his health; (5) for the reason as stated in ground number 4 above, the entry of a default judgment was unjust.

The motion to vacate the default judgment was accompanied by affidavits of two doctors stating in combined effect that at the time set for the depositions and for some time before then and up until June, 1965, the defendant was suffering from schizophrenic reaction—paranoid type, was incompetent to testify, and would have had his health "extremely" injured if he had testified.

On June 11, 1965, an order was entered by the trial court overruling the motion of the Committee to be substituted in the place of defendant and refusing to set aside and vacate the order of June 4, 1965, which had struck the answer of defendant to the complaint and had entered default judgment against the defendant.

Attached to the plaintiff's brief in this Court is a copy of an order dated July 14, 1965, which was made in the United States District Court for the Southern District of West Virginia, adjudicating Samuel Samson, Jr. a bankrupt, under the provisions of the Bankruptcy Act. Although the bankruptcy proceeding is not a part of the record in this case, the plaintiff contends that this appeal should be stayed because of the pendency of the bankruptcy proceedings, in accordance with the provisions of Title 11, Chapter 3, Section 29 (a) of the United States Code. This Court cannot, in the disposition of a case before it, consider anything which is not contained in the record. However, the section of the Bankruptcy Act referred to by the plaintiff was enacted for the benefit of the bankrupt in a pending action in another court and not for the other party in such action or suit. 1 Collier on Bankruptcy, Par. 11.02 (14th ed. 1960); *New River Coal Land Co.* v. *Ruffner Bros.,* 165 F. 881.

The trial court's order of June 4, 1965, rendering judgment for the plaintiff, was based on Rule 37 (d), R.C.P., as stated in the opinion of the trial court which is made a part of the record in this case. The sanctions provided for in 37 (d), R.C.P., which is basically the same as the Federal Rule dealing with the same matter, are harsh and courts are hesitant to enter default judgment under this Rule. The Rule can only be applied where the failure to appear is *wilful.* 2A Barron & Holtzoff, Federal Practice & Procedure, (Rules Edition, 1961) §855. *Societe Internationale Pour Participations Industrielles et Commerciales, S.A.* v. *Rogers,* 357 U. S. 197; *Trans World Airlines, Inc.* v. *Hughes,* 332 F. 2d 602, 614; *Maurer-Neuer, Inc.* v. *United Packinghouse Workers of America,* 26 F.R.D. 139; *Forde* v. *Urania Transp., Inc.,* 168 F. Supp. 240; *Ross* v. *True Temper Corp.,* 11 F.R.D. 307. See Lugar & Silverstein, West Virginia

Rules, page 296. There is no proof whatsoever in the record of this case that the defendant's failure to appear for the taking of his depositions was wilful and this fact alone would not permit the use of Rule 37 (d), R.C.P.

It is true that on June 4, 1965, when the trial court entered the order rending judgment in favor of the plaintiff it did not know, according to the record, that the defendant was confined in a mental institution, which in most instances would justify a failure to appear for the taking of depositions and therefore would indicate that the failure to appear was not wilful. However, on June 11, 1965, when the court refused to allow the Committee for the defendant who had been declared an incompetent to intervene in place of the defendant, Samuel Samson, Jr., it did have this information by affidavit filed with the motion under the provisions of Rule 43 (e), R.C.P., and it also had knowledge that the defendant Samson had been declared an incompetent as it had before it a copy of a certification with regard to the matter by the Clerk of the County Court of Cabell County, filed as an exhibit with the motion. The fact that the defendant had been declared an incompetent person would prohibit the granting of a default judgment against the defendant or would be ground for setting aside a default judgment already granted unless the provisions of the Rules were complied with in all respects. See Rule 55 (b) (2), and Rule 60, R.C.P.

It would therefore appear from the record in this case that the entry of the judgment against the defendant on June 4, 1965, by the Circuit Court of Cabell County was erroneous in the first instance, because there was no proof that the failure of the defendant to appear for the taking of his deposition was wilful, nor was there any affidavit filed or evidence produced in connection with proof thereof under Rule 43 (e), R.C.P., all of which is required before such judgment can be rendered under the provisions of Rule 37 (d), R.C.P.

It was also error for the Circuit Court of Cabell County to overrule the motion of the Committee to be substituted in

place of the defendant in this action after the defendant had been declared an incompetent as shown by the appointment of the Committee by the County Clerk of Cabell County, because no valid judgment, in any event, can be entered against an incompetent unless he is properly represented in a suit or action. Rule 55 (b) (2), R.C.P.

Certain distinctions should be kept in mind in the disposition of this case. Defendant's Committee here raised the point that there should have been an affidavit of the amount due before a default judgment could be rendered. We do not deem that point necessary to the decision of this case as the default was based on the failure to appear for depositions under Rule 37 (d), R.C.P., according to the opinion of the trial court. Rule 55 (b) (1), R.C.P., does require such an affidavit in matters of sum certain where there has been a failure to plead or otherwise defend, somewhat analogous to the old procedure in notices of motion for judgment, but the default judgment authorized by Rule 37 (d), R.C.P., has been considered under similar Federal Rules to be a "sanction" to force a party to attend depositions; that is, a penalty rather than a procedural default by lack of defense. Of course, there may be cases where some doubt exists as to the ground for default and it would certainly be the safer procedure in cases of "sum certain" to file such an affidavit of amount owed along with other requisite affidavits or combined with them.

The recent case of *Bennett* v. *General Accident Fire and Life Assurance Corp.*, 149 W. Va. 92, 138 S. E. 2d 719, although decided on a different issue from the case at bar, discussed and applied Rule 55 (b) (2), R.C.P., dealing with all cases involving the entry of a default judgment against a party who has appeared in an action. Inasmuch as the defendant in the case at bar appeared by filing an answer in this action and was later declared to be an incompetent it would appear that the applicable provisions of Rule 55 (b) (2), R.C.P., would govern a default judgment entered under the provisions of Rule 37 (d), R.C.P.

For the reasons stated herein, the judgment of the Circuit Court of Cabell County of June 4, 1965, is reversed, and the

order of June 11, 1965, refusing to set aside the order of June 4, 1965 is also reversed. The case is remanded to the Circuit Court of Cabell County for proper disposition in accordance with the principles contained herein.

*Reversed and remanded.*