399 S.E.2d 689

**Doris J. DOULAMIS**

v.

**ALPINE LAKE PROPERTY OWNERS ASSOCIATION, INC. and Ski Chalet, Inc.**

No. 19547.

Supreme Court of Appeals of West Virginia.

Nov. 13, 1990.

Monty L. Preiser, Preiser Law Offices, Charleston, David S. Skeen, South Charleston, for Doris J. Doulamis.

Robert M. Steptoe, Jr., David M. Hammer, Steptoe & Johnson, Clarksburg, for Alpine Lake Property Owners Ass'n.

G. Patrick Stanton, Stanton & Stanton, Fairmont, for Ski Chalet, Inc.

PER CURIAM:

Doris J. Doulamis appeals from an order of the Circuit Court of Preston County dismissing her suit against Alpine Lake Property Owners Association, Inc. (Alpine) and Ski Chalet, Inc. (Ski Chalet) under Rule 37(b) of the *West Virginia Rules of Civil Procedure* [1988] for failing to comply with an order requiring discovery. On appeal, Ms. Doulamis alleges that her failure to comply with the order was due to inability and not to a lack of diligent effort. While we agree with the circuit court that some sanction under Rule 37 is appropriate, we find that the sanction imposed by the circuit court was too harsh in these circumstances.

On January 24, 1981, Ms. Doulamis injured her knee at Alpine's ski resort. In her complaint, filed in December 1982, Ms. Doulamis alleges that her injury was the result of Alpine's negligence and that the improperly fitted ski bindings leased to her by Ski Chalet exacerbated her injuries. Although Alpine sought some discovery in 1983, the problems that resulted in dismissal did not occur until 1988.[1]

After a substantial delay in January 1988, Alpine sought to have the case dismissed for failure to prosecute under Rule 41(b) of *W.Va.R.Civ.P.* [1988] and Mrs. Doulamis's lawyer withdrew.[2] The circuit

---

1. Even in 1983 the discovery process was less than model. On June 28, 1983, Alpine requested that Mrs. Doulamis produce some medical records. Mrs. Doulamis objected on July 15, 1983 and Alpine filed a motion to compel on August 23, 1983. After the circuit court ordered discovery on September 28, 1983, Mrs. Doulamis produced some medical records on October 28, 1983.

2. Rule 41(b) of *W.Va.R.Civ.P.* states in pertinent part:

For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him.... Any court in which is pending an action wherein for more than two years there has been no order or proceeding but to continue it, or wherein the plaintiff is delinquent in the payment of accrued court costs, may, in its discretion, order such action to be struck from its docket; and it shall thereby be discontin-

court had previously considered the case for a dismissal under Rule 41(b), but Mrs. Doulamis had personally requested the circuit court to continue the case. In January 1988, Mrs. Doulamis again requested the case be continued and in February 1988 she employed new counsel. After the circuit court denied the motion to dismiss, the discovery process began again. For the sake of comprehension an outline distills the record better than a narrative.[3]

On March 8, 1989, the circuit court conducted another hearing on discovery. During the hearing Alpine contended that Mrs. Doulamis failed to provide certain agreed to medical releases and failed to provide any different documents since the last hearing on October 24, 1988.[4] Mrs. Doulamis's lawyer gave Alpine a medical release for one provider and said that a release had been mailed to Mrs. Doulamis for her signature for another provider. Mrs. Doulamis's lawyer indicated that he had no additional documents to give to Alpine and that he objected to Alpine receiving certain of Mrs. Doulamis's medical records. At the conclusion of the hearing the circuit court dismissed the case holding that, despite the court's previous orders and warnings of dismissal, Mrs. Doulamis had not made a good faith effort to obtain the requested medical information. In dismissing the case, the circuit court noted that at least twice at Mrs. Doulamis's request he abstained from dismissing the case for failure to prosecute at least twice, that Mrs. Doulamis failed to meet the various discovery deadlines, including the last deadline, that the delay in discovery caused the trial date to be delayed at least twice, and that sanctions had already been imposed against Mrs. Doulamis. The case was dismissed by order dated March 13, 1989.

On appeal Mrs. Doulamis argues that she has made a good faith effort to obtain the requested medical information and the delay in supplying Alpine with the medical releases was due to her lawyer's misunderstanding. Mrs. Doulamis notes that she produced extensive medical records and

---

ued. The court may direct that such order be published in such newspaper as the court may name. The court may, on motion, reinstate on its trial docket any action dismissed under this rule, and set aside any nonsuit that may be entered by reason of the nonappearance of the plaintiff, within three terms after entry of the order of dismissal or nonsuit; but an order of reinstatement shall not be entered until the accrued costs are paid.

For a recent discussion of Rule 41(b), *see State ex rel. Moore v. Canterbury,* 181 W.Va. 389, 382 S.E.2d 583 (1989).

3. An outline of the relevant discovery process is as follows:

(1) 2/9/88 Alpine served its 3rd set of interrogatories, 2nd request for documents and notice of deposition for Mrs. Doulamis.

2/24/88 Mrs. Doulamis objected to deposition, and to providing the documents.

2/29/88 Alpine served its 3rd request for documents.

4/18/88 Pre-trial conference. Circuit court ordered discovery by 5/17/88 and warned of the possibility of dismissal. (Order entered 6/27/88).

5/17/88 Mrs. Doulamis answered some of interrogatories and provided some documents.

6/7/88 Alpine filed a motion to compel.

7/8/88 Mrs. Doulamis answered alleging that she had provided all the documents and information currently in her possession.

7/11/88 Hearing. Circuit court ordered discovery by 8/11/88, imposed a sanction of costs and fees against Mrs. Doulamis and warned of the possibility of dismissal. (Order entered 8/19/88).

8/11/88 Mrs. Doulamis answered some of the interrogatories and provided some documents. The answers were supplemented on 8/25/88.

(2) 8/31/88 Alpine served its 4th set of interrogatories and 4th request for documents.

9/14/88 Mrs. Doulamis objected to 4th set of interrogatories and 4th request for documents.

9/16/88 Alpine filed a motion to compel.

10/24/88 Hearing. Circuit court ordered discovery by 11/19/88 and warned of the possibility of dismissal. (No order entered because the parties could not agree).

11/19/88 Mrs. Doulamis answered some interrogatories and objected to providing the documents.

2/7/88 Alpine filed a motion to compel.

4. The discovery process is complicated because Mrs. Doulamis has had substantial medical treatment both before and after her injury. Alpine sought Mrs. Doulamis's medical treatment records as far back as 1950 because some of Mrs. Doulamis's recent medical records indicated that she had received treatment for some of the medical problems that she alleged resulted from her injury. The record indicates that Mrs. Doulamis was in a serious automobile accident in 1951, injured her left shoulder in 1973, was hospitalized in 1976 for an anxiety reaction, and retired on disability in 1976.

that she has no additional records in her possession. Alpine alleges that Mrs. Doulamis's lack of good faith is shown by the repeated pattern of delay, objection, court order and finally only partial compliance. Alpine also argues that the requested medical records are highly relevant on the issue of damages and that without these records Mrs. Doulamis's extensive, pre-existing medical problems might be incorrectly attributed to the ski injury. At the time of the dismissal hearing on March 8, 1989, Alpine alleges that Mrs. Doulamis produced no additional documents since October 24, 1988, failed to provide the medical releases, and gave incomplete responses to the latest interrogatories.

 We have consistently acknowledged that Rule 37 of the *W.Va.R.Civ.P.* is designed to ensure that persons who are subject to discovery requests respond promptly and adequately. In Syllabus Point 1, *Shreve v. Warren Assoc., Inc.,* 177 W.Va. 600, 355 S.E.2d 389 (1987), we stated:

> Rule 37 of the West Virginia Rules of Civil Procedure is designed to permit the use of sanctions against a party who refuses to comply with the discovery rules, i.e., Rules 26 through 36.

*Michael v. Henry,* 177 W.Va. 494, 354 S.E.2d 590 (1987). In Syllabus Point 1, *Prager v. Meckling,* 172 W.Va. 785, 310 S.E.2d 852 (1983), we held:

> Generally, under Rule 37 of the Rules of Civil Procedure to trigger the imposition of sanctions where a party refuses to comply with a discovery request, the other party must file a motion to have the court order discovery. If the discovery order is issued and not obeyed, then the party may seek sanctions under Rule 37(b) of the Rules of Civil Procedure.

Rule 37(b) of the *W.Va.R.Civ.P.* [1988], permits a circuit court to impose the following sanctions for the failure to comply with an order compelling discovery:

**5.** In addition to the above quoted dismissal sanction, Rule 37(b)(2) authorizes use of the following sanctions:

(2) Sanctions by Court in Which Action is Pending. If a party or an officer, director, or managing agent of a party or a person designated under Rules 30(b)(6) or 31(a) to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule or Rule 35, or if a party fails to supplement as provided for under Rule 26(e), or if a party fails to obey an order entered under Rule 26(f), the court in which the action is pending may make such orders in regard to the failure as are just, and among others are the following: ...
(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party....

*W.Va.R.Civ.P.,* Rule 37 is virtually identical to Rule 37 of the *Federal Rules of Civil Procedure.* See *Bell v. Inland Mutual Ins. Co.* 175 W.Va. 165, 170–71, 332 S.E.2d 127, 132 (1985); *N.C. v. W.R.C.,* 173 W.Va. 434, 317 S.E.2d 793 n. 5 (1984); *Chandos, Inc. v. Samson,* 150 W.Va. 428, 432, 146 S.E.2d 837 (1966).

 The decision by the circuit court to impose sanctions under Rule 37(b) for a party's failure to obey the court's order to provide or permit discovery is within the sound discretion of the circuit court. In Syllabus Point 1, *Bell supra,* we stated:

> The imposition of sanctions by a circuit court under *W.Va.R.Civ.P.* 37(b) for the failure of a party to obey the court's order to provide or permit discovery is within the sound discretion of the court and will not be disturbed upon appeal unless there has been an abuse of that discretion.

In *Bell* we recognized that the striking of pleadings and the rendering of a judgment by default under Rule 37(b)(2)(C) were "the harshest sanctions for failure to comply with an order compelling discovery. (Citations omitted)." *Id.* 175 W.Va. at 173, 332 S.E.2d at 132.[5]

(A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for

In *Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958), the Supreme Court reversed the dismissal of a complaint for a party's failure to obey a district court's order to produce certain banking documents located in Switzerland. *Rogers* recognized that "there are constitutional limitations upon the power of courts, even in aid of their own valid processes, to dismiss an action without affording a party the opportunity for a hearing on the merits of his cause." *Id.* at 209, 78 S.Ct. at 1094. Because of these constitutional concerns *Rogers* held that dismissal under Rule 37 should not be ordered "when it has been established that failure to comply has been due to inability, and not to willfulness, bad faith, or any fault of petitioner." *Id.* at 212, 78 S.Ct. at 1096.

*Cine Forty–Second Street Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062 (2d. Cir.1979), affirmed a default judgment against a disobedient party where "gross professional negligence" had been found. *Id.* at 1068. *Cine* noted the three-fold purpose of the sanctions contained in Rule 37(b).

> Preclusionary orders ensure that a party will not be able to profit from its own failure to comply.... Rule 37 strictures are also specific deterrents and, like civil contempt, they seek to secure compliance with the particular order at hand.... Finally, although the most drastic sanctions may not be imposed as 'mere penalties,' ... courts are free to consider the general deterrent effect their orders may have on the instant case and on other litigation, provided that the party on

whom they are imposed is, in some sense, at fault. (Citations omitted). *Id.* at 1066.

The constitutional limitations and the purposes of Rule 37, led us in *Bell* to state that "[a]s a general rule, the rendering of judgment by default as a sanction under Rule 37(b) should be used sparingly and only in extreme situations," because of the "policy of the law favoring the disposition of cases on their merits. (Citations omitted)." *Bell supra* 175 W.Va. at 173, 332 S.E.2d at 134; *Hulmes By Vest v. Catterson*, 182 W.Va. 439, 388 S.E.2d 313 (1989). The entire record of the case must be considered by the circuit court in determining the appropriate sanction.

█ In Syllabus Point 2, *Bell, supra*, we held:

> The striking of pleadings and the rendering of judgment by default against a party as sanctions under *W.Va.R.Civ.P.* 37(b) for that party's failure to obey an order of a circuit court to provide or permit discovery may be imposed by the court where it has been established through an evidentiary hearing and in light of the full record before the court that the failure to comply has been due to willfulness, bad faith or fault of the disobedient party and not the inability to comply and, further, that such sanctions are otherwise just.

█ During the hearing before the court considering the imposition of sanctions under Rule 37(b), the party seeking the sanction has the burden of establishing noncompliance with the order to provide or permit discovery. After noncompliance is established, the burden shifts to the disobedient

---

the purposes of the action in accordance with the claim of the party obtaining the order; (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence;

...

(D) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination;

(E) Where a party has failed to comply with an order under Rule 35(a) requiring him to

produce another for examination, such orders as are listed in paragraphs (A), (B) and (C) of this subdivision, unless the party failing to comply shows that he is unable to produce such person for examination.

In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

party to avoid the sanctions by showing either an inability to comply with the court's order or special circumstances which render the particular sanction unjust. The relative duties of the parties in a hearing considering sanctions were explained in Syllabus Point 3, *Bell, Id.*, which stated:

> Although the party seeking sanctions under *W.Va.R.Civ.P.* 37(b) has the burden of establishing noncompliance with the circuit court's order to provide or permit discovery, once established, the burden is upon the disobedient party to avoid the sanctions sought under *W.Va.R.Civ.P.* 37(b) by showing that the inability to comply or special circumstances render the particular sanctions unjust.

In *Bell,* we recognized that sanctions can be imposed because of the actions of a party's counsel and said that "[a] litigant chooses counsel at his peril, ... and here, as in countless other contexts, counsel's disregard of his professional responsibilities can lead to extinction of his client's claim. (Citation Omitted)." *Id.* 175 W.Va. at 173, 332 S.E.2d at 135. We concluded in Syllabus Point 4, *Bell supra* that:

> Where a party's counsel intentionally or with gross negligence fails to obey an order of a circuit court to provide or permit discovery, the full range of sanctions under *W.Va.R.Civ.P.* 37(b) is available to the court and the party represented by that counsel must bear the consequences of counsel's actions.

■ In the present case, the circuit court conducted an evidentiary hearing and Alpine established that Mrs. Doulamis had not complied with the circuit court's order to provide or permit discovery. Mrs. Doulamis's lawyer indicated that the delay in providing the medical releases was due to his misunderstanding. Mrs. Doulamis also indicated that the additional medical documents were not in her possession and that she had been attempting to obtain them. We note that the information sought concerned treatment that occurred in the 1950's, 60's and 70's, and that the source for the medical information was primarily either the U.S. Army or the Veteran's Ad-

ministration. Although discovery of medical information is seldom easy, when dated records are held by a large federal bureaucracy, the discovery process becomes particularly oppressive. The delay in question here became more difficult to bear because it arose at the end of an already lengthy and contentious discovery process.

Mrs. Doulamis's arguments, although not completely justifying the various delays, contain sufficient merit to avoid the sanction of dismissal. Her counsel's misunderstanding concerning the medical releases does not rise to the level of gross negligence and does not appear to us to have been intentional. We note that *W.Va. R.Civ.P.* Rule 37 [1988] provides various sanctions and that dismissal, the harshest sanction, should be used sparingly and only after other sanctions have failed to bring about compliance. Under the present circumstances, we find that the circuit court abused its discretion when it dismissed Mrs. Doulamis's case as a sanction for her failure to provide discovery. On remand the circuit court should conduct another evidentiary hearing to determine the status of discovery and what sanction, if any, should be imposed.

For the above stated reasons, the Circuit Court of Preston County is reversed and this case is remanded for further proceedings consistent with this opinion.

Reversed and Remanded.