459 S.E.2d 159

**Wilma J. SMALLWOOD and Cecil Smallwood, Plaintiffs Below, Appellants,**

v.

**RALEIGH GENERAL HOSPITAL, a West Virginia corporation, Defendant Below, Appellee.**

No. 22653.

Supreme Court of Appeals of West Virginia.

Submitted May 16, 1995.

Decided June 15, 1995.

Richard E. Hardison, Harry G. Camper, Jr., Beckley, for appellants.

W.H. File, Jr., File, Payne, Scherer & File, Beckley, for appellee.

PER CURIAM:

The appellants, Wilma J. Smallwood and Cecil Smallwood, instituted this personal injury action in November, 1992, against Raleigh General Hospital for personal injuries which Wilma Smallwood sustained while she was a patient in that hospital. A year and a half later, in May, 1994, the Circuit Court of Raleigh County dismissed the action because of the failure of the Smallwoods' attorney to

respond appropriately to interrogatories.[1] In the present appeal, the Smallwoods claim that the circuit court erred in dismissing the action. After reviewing the facts presented and the record, we disagree. Accordingly, the judgment of the circuit court is affirmed.

As previously indicated, this action was instituted by the filing of a complaint in November, 1992. On or about December 29, 1992, the appellee, Raleigh General Hospital, which was the defendant below, timely filed an answer and served the Smallwoods with its first set of interrogatories, which included questions regarding the Smallwoods' proposed expert testimony.

The Smallwoods did not promptly respond to the interrogatories, and Raleigh General Hospital filed a notice and motion to compel answers to the interrogatories on or about February 16, 1993. A hearing was conducted on the motion to compel on February 19, 1993, and at that time the trial court directed the Smallwoods to respond to the interrogatories on or before March 5, 1993.

The Smallwoods responded to all the interrogatories by March 5, 1993, except an interrogatory regarding their proposed expert testimony. In the present proceeding, they assert as their reason for failing to respond the fact that they had had insufficient time to marshall their expert evidence by the time the responses were due.

Counsel for the parties engaged in additional discovery by taking discovery depositions, and a status conference was conducted on August 25, 1993. As a result of that conference, a scheduling order was entered which required the Smallwoods to disclose their expert witnesses by October 1, 1993. Further, the parties were directed to complete all discovery by January 1, 1994, and trial was scheduled for April 5, 1994.

The Smallwoods did not disclose the identity of their expert witness or witnesses by October 1, 1993, the deadline set in the scheduling order, and counsel for the parties agreed and entered into a stipulation whereby the Smallwoods were given until November 1, 1993, to make the disclosure.

On or about November 1, 1993, counsel for the Smallwoods filed a disclosure response which, while identifying an expert witness, did not fully answer Raleigh General Hospital's interrogatory. Therefore, on or about December 14, 1993, counsel for Raleigh General Hospital filed a second motion to compel the Smallwoods to comply with Rule 26(b) and to produce the discovery information sought. The Smallwoods filed a response to the motion to compel, in which they advised the court that their expert witness required additional information prior to setting forth an opinion. A hearing was conducted on the motion to compel on December 16, 1993, and at that time the trial court cancelled the previous scheduling order and ordered the Smallwoods to respond to Raleigh General Hospital's discovery request on or before January 15, 1994.

According to the Smallwoods, their counsel was unable to contact and obtain information from their expert witness. Consequently, no discovery response was made by January 15, 1994, as had previously been ordered by the court.

As a result of this failure of the Smallwoods to produce an appropriate response, Raleigh General Hospital filed a motion to dismiss the action. A hearing was scheduled on the motion to dismiss for March 21, 1994.

The Smallwoods' counsel failed to appear at the March 21, 1994, hearing because, according to the Smallwoods, their counsel's secretary had been hospitalized and her replacement had inadvertently failed to log the hearing on the office calendar. It also appears that another reason that the Smallwoods' attorney failed to appear at the hearing was that he was out of the country at the time.

When the Smallwoods' counsel failed to appear at the hearing on the motion to dismiss, the trial court wrote him and advised him to apologize to Raleigh General Hospital's counsel for his "discourtesy and nonpro-

---

1. The precise dates of the filing of the complaint and the entry of the dismissal order, as well as certain other dates, are undiscernible in the rec- ord. The Court does not believe that these precise dates are necessary to the matters discussed herein.

fessionalism" and to demonstrate why Raleigh General Hospital's motion to dismiss should not be granted. The Smallwoods' attorney refused to comply with the court's advice and refused to apologize on the ground that Raleigh General Hospital's counsel had been contacted on another matter and was well aware that he would be out of the country on the date set for the hearing.

On May 4, 1994, the circuit court ordered the counsel in the case to appear before him, and at that time the court granted Raleigh General Hospital's motion to dismiss for failure to appropriately respond to discovery.

In the present appeal, the Smallwoods claim that the trial court erred in dismissing their action.

The interrogatories in this case were served by Raleigh General Hospital upon the Smallwoods in accordance with the provisions of Rule 33 of the West Virginia Rules of Civil Procedure.

Rule 37 outlines the procedures which a trial court may follow when one party, upon whom an interrogatory has been served, fails to respond to the interrogatory. Rule 37(d) provides, in relevant part, that:

> If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails ... (2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories ... the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under paragraphs (A), (B), and (C) of subdivision (b)(2) of this rule.

Rule 37(b)(2)(C), which establishes sanctions which a trial court may take under the quoted language for the failure of an appropriate person to respond to an interrogatory, provides that the trial court may enter:

> An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party; ....

In *Bell v. Inland Mutual Insurance Company*, 175 W.Va. 165, 332 S.E.2d 127 (1985), this Court examined the circumstances under which a trial court could appropriately dismiss a party's action or grant the opposing party default judgment upon the party's failure to comply with an appropriate discovery motion. In syllabus point 1, the Court stated:

> The imposition of sanctions by a circuit court under W.Va.R.Civ.P. 37(b) for the failure of a party to obey the court's order to provide or permit discovery is within the sound discretion of the court and will not be disturbed upon appeal unless there has been an abuse of that discretion.

The Court also stated, in syllabus point 4, that:

> Where a party's counsel intentionally or with gross negligence fails to obey an order of a circuit court to provide or permit discovery, the full range of sanctions under W.Va.R.Civ.P. 37(b) is available to the court and the party represented by that counsel must bear the consequences of counsel's actions.

Elsewhere, this Court has indicated that dismissal, which is the harshest sanction under Rule 37, should be used sparingly, and only after other sanctions have failed to bring about compliance. *See Doulamis v. Alpine Lake Property Owners Association, Inc.*, 184 W.Va. 107, 399 S.E.2d 689 (1990); and *Chandos, Inc. v. Samson*, 150 W.Va. 428, 146 S.E.2d 837 (1966).

In the present case, the trial court delayed the proceedings on a number of occasions to afford the Smallwoods an opportunity to respond to Raleigh General Hospital's interrogatories. The first delay occurred in February, 1993, when the trial court gave the Smallwoods until March 5, 1993, to respond. The second delay occurred in August, 1993, when the court gave the Smallwoods until October 1, 1993, to respond. The third delay occurred in December, 1993, when the court gave the Smallwoods an extension until January 15, 1994. Finally, when the Smallwoods' attorney failed to appear at the March 21, 1994, hearing, the court afforded him an

opportunity to apologize and act in such a way as to prevent dismissal of the action.

In *Bell v. Inland Mutual Insurance Company, supra,* Inland Mutual Insurance Company, by counsel, answered a complaint filed against one of its insureds. Approximately one month later, the plaintiff served interrogatories upon Inland Mutual Insurance Company. Those interrogatories were not answered. In February, 1983, the plaintiff moved the circuit court to compel Inland Mutual Insurance Company to answer the interrogatories, and, in an order entered on February 4, 1983, the circuit court ordered Inland Mutual Insurance Company to answer the interrogatories by February 14, 1983. The interrogatories remained unanswered in contravention of the court's order, and in April, 1983, the plaintiff moved the circuit court to strike the proceedings and to enter default judgment for it. After a hearing, the court struck the pleadings and granted the motion for default judgment.

In the *Bell* case, the court concluded:

> Based upon the record before us, the circuit court did not abuse its discretion when it rendered the default judgment as a result of Inland Mutual's failure to comply with the court's order compelling discovery; nor was there an abuse of discretion on the refusal to set the default judgment aside.

175 W.Va. at 175, 332 S.E.2d at 137.

It appears to this Court that in the present proceeding the Smallwoods were afforded broader opportunities to respond than was Inland Mutual Insurance Company in the *Bell* case. It also appears that in the present case the trial court attempted to be even more accommodating than was the trial court in the *Bell* case to avoid dismissing the action.

In the present case, where the trial court repeatedly afforded the Smallwoods' counsel an opportunity to avoid dismissal, and where he repeatedly failed to avail himself of those opportunities, this Court cannot say that the trial judge abused his discretion in dismissing the Smallwoods' action or that the dismissal of the action constituted reversible error.

The judgment of the Circuit Court of Raleigh County is, therefore, affirmed.

Affirmed.

BROTHERTON and RECHT, JJ., did not participate.

MILLER, Retired Justice, and FOX, J., sitting by temporary assignment.