486 S.E.2d 324

**KIMBERLY INDUSTRIES, INC., a West Virginia Corporation, Plaintiff Below, Appellant**

v.

**LILLY EXPLOSIVES CO., INC., a Virginia Corporation; Ireco Incorporated, a Delaware Corporation; and Lilly–Ireco, Inc., a Delaware Corporation, Defendants Below, Appellees.**

No. 23385.

Supreme Court of Appeals of West Virginia.

Submitted Jan. 22, 1997.

Decided May 9, 1997.

Marc A. Monteleone and Michael J. Schessler, Bowles, Rice, McDavid, Graff & Love, Charleston, for Appellant.

Arden J. Curry and Susan Curry Brasselle, Pauley, Curry, Sturgeon & Vanderford, Charleston, for Appellees.

PER CURIAM:

This action is before this Court upon an appeal from the final order of the Circuit Court of Nicholas County, West Virginia, entered on September 12, 1995. Pursuant to that order, the circuit court confirmed its prior order of July 31, 1995, dismissing the action from the docket as a sanction under Rule 37(b) of the *West Virginia Rules of Civil Procedure* for the willful failure of appellant's counsel to obey an order and other directives concerning discovery matters. The appellant, plaintiff below, is Kimberly Industries, Inc., and the appellees, defendants below, are Lilly Explosives Co., Inc., Ireco Incorporated and Lilly–Ireco, Inc. According to the appellant, the sanction of dismissal was excessive under the circumstances.

This Court has before it the petition for appeal, all matters of record and the briefs and argument of counsel. Upon review, this Court is of the opinion that, inasmuch as the record supports the finding that the failures of appellant's counsel were, in fact, willful, the circuit court acted within its discretion in dismissing the action from the docket. Accordingly, the final order entered on September 12, 1995, is affirmed.

I

In 1993, the appellant instituted an action in the Circuit Court of Nicholas County against the appellees for breach of contract and negligence. In particular, the complaint alleged that the appellees failed to comply

with an agreement to provide blasting services for the appellant with regard to a construction project for the West Virginia Department of Highways. On July 5, 1994, the appellees served written interrogatories upon the appellant's counsel, Everette F. Thaxton, of Charleston, West Virginia. Although Rule 33(a) of the *West Virginia Rules of Civil Procedure* requires that answers to written interrogatories be served within 30 days, Mr. Thaxton did not provide answers to the appellees' interrogatories until September 9, 1994.[1] As a review of the record indicates, the answers were not filed in a timely manner. Thereafter, the action was scheduled to be tried in November 1995.

On February 23, 1995, the appellees served a second set of written interrogatories upon the appellant's counsel. Upon receiving no answers, however, the appellees, in April 1995, filed a motion to compel answers to the second set of interrogatories. Attached to the motion to compel was a notice stating that a hearing upon the motion was scheduled for May 22, 1995.

Neither Mr. Thaxton nor his client appeared at the May 22, 1995, hearing concerning the appellees' motion to compel, and no prior notice of their nonappearance was given to the appellees or to the circuit court. During the May 22 proceedings, the circuit court determined that Mr. Thaxton had been properly notified of the hearing and that he would be given 20 days to answer the appellees' second set of interrogatories. However, the circuit court warned: "And if those have not been filed within twenty days, this Court will entertain a motion to dismiss the [appel-

lant's] case." The rulings of the circuit court on May 22 were set forth in an order entered on May 24, 1995.[2]

As the parties have acknowledged, the answers to the appellees' second set of interrogatories were due on June 13, 1995. The answers, however, were not filed. Rather, the record contains a written memorandum from Mr. Thaxton to another attorney in his office which stated:

I enclose a copy of an order ... directing Kimberly Industries to fully respond to Defendant's Second Set of Interrogatories within 20 days from May 24, which means on or about June 13, 1995. That being the case I request and suggest that you expedite the answers to the Interrogatories in some form or another immediately.

That memorandum was dated June 16, 1995, and, according to the appellees, thus indicates that no attempt was made by Mr. Thaxton to answer or respond to the second set of interrogatories until the twenty-day period allowed by the circuit court had expired. As the brief of the appellees states: "The answers were not started, completed or served until after the 20–day time period ordered by the court had expired."

Subsequently, the appellees, alleging that the order of May 24, 1995, had been violated, filed a motion for sanctions and to dismiss. *See W. Va. R. Civ. P.* 37(b) and (d). Included in the motion was a statement to the effect that the circuit court had previously warned that a failure to comply with discovery orders would result in a dismissal of the action. Attached to the motion for sanctions and to dismiss was a notice stating that a

---

1. Pursuant to Rule 33(a) of the *West Virginia Rules of Civil Procedure:*

    Any party may serve upon any other party written interrogatories to be answered by the party served or, if the party served is a public or private corporation or a partnership or association or government agency, by any officer or agent, who shall furnish such information as is available to the party.

    . . . .

    The party upon whom the interrogatories have been served shall serve a copy of the answers, and objections if any, within 30 days after the service of the interrogatories.

2. It should be noted that the reactions of Mr. Thaxton to the appellees' motion to compel and

to the resulting order of May 24, 1995, were somewhat inconsistent. By letter dated April 21, 1995, Mr. Thaxton stated to the appellees' counsel that he had received the motion to compel, but that there would be "no need for a hearing" since his office intended to promptly respond to the second set of interrogatories. However, by subsequent letter dated May 25, 1995, Mr. Thaxton indicated to appellees' counsel that he had received "no notice" of the May 22, 1995, hearing, although he had no objection to the time frame ordered for the answers to the interrogatories. As discussed above, however, Mr. Thaxton did not answer the second set of interrogatories until June 21, 1995.

hearing upon the motion was scheduled for July 10, 1995. Shortly thereafter, on June 21, 1995, Mr. Thaxton filed the appellant's answers to the second set of interrogatories.

On July 10, 1995, the hearing upon the appellees' motion for sanctions and to dismiss was conducted, as scheduled. However, as before, neither Mr. Thaxton nor his client appeared, and no prior notice of them not appearing was given to the appellees or to the circuit court.[3] In fact, the circuit court contacted Mr. Thaxton's office by telephone to give him an opportunity to explain his absence. Nevertheless, although Mr. Thaxton was not at his office at that time, the call was never returned. Nor did Mr. Thaxton, who later stated that he was attending a court proceeding in another county that day, make any attempt to contact the appellees or the circuit court pursuant to this Court's *Rules for Resolution of Court Scheduling Conflicts.*[4]

During the July 10, 1995, hearing, the circuit court permitted counsel for the appellees to proffer evidence concerning the actions of Mr. Thaxton throughout the discovery process and, particularly, concerning his actions with regard to the appellees' second set of interrogatories. Following the hearing, the circuit court entered the order of July 31, 1995, dismissing the action from the docket. That order noted Mr. Thaxton's fail-

ure to appear at the May 22, 1995, and July 10, 1995, hearings and, in addition, indicated that Mr. Thaxton (1) was well aware of the deadline to supply answers to the second set of interrogatories, (2) had the ability to supply the answers in a timely manner, but (3) wilfully failed to do so.

Thereafter, the appellant obtained new counsel and filed a motion to reconsider the order of July 31, 1995. *See W.Va. R. Civ. P.* 59(e) and 60(b).[5] Argument of counsel upon the motion was received at a hearing conducted on August 28, 1995. Pursuant to the final order of September 12, 1995, the circuit court denied the motion to reconsider and confirmed the order of July 31, 1995.

## II

■ The appellees' motion for sanctions and to dismiss, granted by the circuit court, was based upon Rule 37(b) of the *West Virginia Rules of Civil Procedure.* Specifically, Rule 37(b)(2) provides that, if a party fails to obey an order to provide discovery, the circuit court may, *inter alia,* enter an order "striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party[.]" *See also W. Va. R. Civ. P.* 37(d). As this Court made clear in syllabus point 1 of

---

3. As the appellees' response to the petition for appeal states:

> [Mr. Thaxton] did not contact either opposing counsel or the court to advise them that he could not be present; he did not request that the hearing be continued to a time when he could appear; nor did he have any of the other attorneys in his office attend the July 10, 1995, hearing in his stead.

4. The *Rules for Resolution of Court Scheduling Conflicts* were effective as of February 1, 1989. Rule 4 thereof states:

> It shall be the duty of an attorney upon learning of an imminent scheduling conflict to give written notice to opposing counsel, the clerk of all courts, and the presiding judges, if known, in all cases, stating therein the circumstances above relevant to a resolution of the conflict under these rules. Ex parte communication is inappropriate, unless there is insufficient time to resolve the conflict by written notice.

5. In syllabus point 2 of *Powderidge Unit Owners Assoc. v. Highland Properties,* 196 W.Va. 692, 474 S.E.2d 872 (1996), this Court held:

> When a party filing a motion for reconsideration does not indicate under which West Virginia Rule of Civil Procedure it is filing the motion, the motion will be considered to be either a Rule 59(e) motion to alter or amend a judgment or a Rule 60(b) motion for relief from a judgment order. If the motion is filed within ten days of the circuit court's entry of judgment, the motion is treated as a motion to alter or amend under Rule 59(e). If the motion is filed outside the ten-day limit, it can only be addressed under Rule 60(b).

*See also* syl. pt. 2, *State ex rel. McDowell County Sheriff's Department v. Stephens,* 192 W.Va. 341, 452 S.E.2d 432 (1994).

As the opinion in *Powderidge Unit Owners Assoc.* states: "We continue to caution trial counsel that a 'motion for reconsideration' is not explicitly sanctioned by the West Virginia Rules of Civil Procedure." 196 W.Va. at 705 n. 22, 474 S.E.2d at 885 n. 22.

*Shreve v. Warren Assoc., Inc.,* 177 W.Va. 600, 355 S.E.2d 389 (1987): "Rule 37 of the West Virginia Rules of Civil Procedure is designed to permit the use of sanctions against a party who refuses to comply with the discovery rules, i.e., Rules 26 through 36." *See also Doulamis v. Alpine Lake Property Owners Association,* 184 W.Va. 107, 399 S.E.2d 689 (1990). Moreover, in syllabus point 1 of *Bell v. Inland Mutual Insurance Co.,* 175 W.Va. 165, 332 S.E.2d 127, *cert. denied,* 474 U.S. 936, 106 S.Ct. 299, 88 L.Ed.2d 277 (1985), this Court held:

> The imposition of sanctions by a circuit court under *W.Va. R. Civ. P.* 37(b) for the failure of a party to obey the court's order to provide or permit discovery is within the sound discretion of the court and will not be disturbed upon appeal unless there has been an abuse of that discretion.

*See also* syl. pt. 1, *Kincaid v. Southern West Virginia Clinic,* 197 W.Va. 145, 475 S.E.2d 145 (1996); syl. pt. 1, *Woolwine v. Raleigh General Hospital,* 194 W.Va. 322, 460 S.E.2d 457 (1995); syl. pt. 4, *Cox v. State,* 194 W.Va. 210, 460 S.E.2d 25 (1995).

In *Bell,* two litigants, Inland Mutual Insurance Company and Camden Fire Association, failed to obey circuit court orders directing them to answer interrogatories. As a result, judgments by default were entered against them pursuant to Rule 37(b)(2) of the *West Virginia Rules of Civil Procedure.* As indicated above, Rule 37(b)(2) includes the sanction of "judgment by default" where a party has failed to obey an order to provide discovery. Upon appeal, this Court held, in *Bell,* that, inasmuch as Inland Mutual had not established reasons on the record for failing to answer the interrogatories, the entry of judgment by default against it did not constitute an abuse of discretion. On the other hand, this Court noted that Camden Fire Association had been denied an opportunity to so develop the record. Accordingly, the judgment by default as to Camden Fire Association was reversed.

In so holding, this Court, in *Bell,* observed that "the rendering of judgment by default as a sanction under Rule 37(b) should be used sparingly and only in extreme situations." 175 W.Va. at 172, 332 S.E.2d at 134.

However, as the opinion in *Bell* further stated:

> [W]e hold that the striking of pleadings and the rendering of judgment by default against a party as sanctions under *W.Va. R. Civ. P.* 37(b) for that party's failure to obey an order of a circuit court to provide or permit discovery may be imposed by the court where it has been established through an evidentiary hearing and in light of the full record before the court that the failure to comply has been due to willfulness, bad faith or fault of the disobedient party and not the inability to comply and, further, that such sanctions are otherwise just.

175 W.Va. at 172, 332 S.E.2d at 134. *See also* syl. pt. 3, *Woolwine, supra.*

■ Moreover, indicating that other jurisdictions have acknowledged that "counsel's disregard of his professional responsibilities can lead to extinction of his client's claim," 175 W.Va. at 173, 332 S.E.2d at 135, this Court, in *Bell,* held in syllabus point 4: "Where a party's counsel intentionally or with gross negligence fails to obey an order of a circuit court to provide or permit discovery, the full range of sanctions under *W. Va. R. Civ. P.* 37(b) is available to the court and the party represented by that counsel must bear the consequences of counsel's actions." *See also* syl. pt. 2, *Smallwood v. Raleigh General Hospital,* 194 W.Va. 48, 459 S.E.2d 159 (1995).

In this action, the appellant contends that, although Mr. Thaxton did not perform his responsibilities during the discovery process in a timely manner, he did answer both sets of interrogatories, and his failures were neither wilful nor grossly negligent. Therefore, according to the appellant, the circuit court committed error in dismissing the action without, first, imposing a lesser sanction. On the other hand, the appellees contend that the circuit court acted within its discretion in dismissing the action. In particular, the appellees assert that the discovery problems brought about by Mr. Thaxton significantly delayed the readiness of the action for trial, that the answers to the second set of interrogatories were forthcoming only after the motion for sanctions and to dismiss was filed

and that a lesser sanction was, in fact, employed herein, i.e., the express warning of the circuit court that a failure to comply with discovery orders would result in a dismissal of the action.

Clearly, the circuit court did not dismiss this action simply because the appellant's counsel was late in filing answers to interrogatories. Rather, a number of transgressions occurred, among the most serious of which was the failure to comply with the order of May 24, 1995. Pursuant to that order, Mr. Thaxton was given 20 days to answer the appellees' second set of interrogatories, after he had failed to appear at the May 22 hearing concerning the motion to compel and upon a warning from the circuit court that a failure to comply would result in dismissal. Nevertheless, as the record demonstrates, not only were the answers not timely filed, the answers, according to the memorandum of June 16, 1995, were not even worked upon until after the twenty-day period had expired. Nor does the record indicate that a request was made for an extension to answer the interrogatories. Thereafter, Mr. Thaxton did not appear at the hearing of July 10, 1995, concerning the dismissal, did not return the circuit court's telephone call with regard to that hearing and made no use of this Court's *Rules for Resolution of Court Scheduling Conflicts.*

■ Manifestly, upon the finding of the circuit court that the actions of Mr. Thaxton were wilful, the sanction of dismissal was not excessive. As the circuit court stated during the hearing of August 28, 1995, concerning the motion for reconsideration:

> I don't think there's any question, when you receive notice of two circuit court hearings, you don't call, fail to appear, and in no way let anyone know that you're not going to be there, I think I did what was appropriate.... [T]hey say that dismissal is a harsh sanction, but it's a harsh course of action just to ignore notices of hearings

and just not show up. I think harsh conduct needs those type of sanctions, even though I did previously try to ameliorate the situation by giving him twenty days to come up and say why, what happened [.]

In *Smallwood, supra,* Wilma J. Smallwood and Cecil Smallwood instituted a personal injury action against Raleigh General Hospital for personal injuries. Soon after, Raleigh General Hospital filed written interrogatories. In spite of various orders, however, directing the Smallwoods' counsel to answer the interrogatories, the interrogatories were never fully answered. Moreover, the Smallwoods' counsel failed to appear at one of the hearings concerning the delay. In affirming the dismissal of the action for failure to appropriately respond to discovery, this Court, in *Smallwood,* stated:

> [W]here the trial court repeatedly afforded the Smallwoods' counsel an opportunity to avoid dismissal, and where he repeatedly failed to avail himself of those opportunities, this Court cannot say that the trial judge abused his discretion in dismissing the Smallwoods' action or that the dismissal of the action constituted reversible error.

194 W.Va. at 51, 459 S.E.2d at 162.

Here, as the record plentifully shows, Mr. Thaxton had a number of opportunities to provide answers to the appellees' second set of interrogatories and to comply with the order and directives of the circuit court. Regrettably, he did not take advantage of those opportunities and did not offer sufficient justification for not doing so. Consequently, the circuit court found his transgressions to be wilful and dismissed the action from the docket. Upon a careful review of the record, this Court is of the opinion that the ruling of the circuit court in that regard is protected by the parameters of sound discretion. *See Parker v. Knowlton Construction Company,* 158 W.Va. 314, 329, 210 S.E.2d 918, 927 (1975).[6]

---

6. Although this Court's decision in this matter rests largely upon the principles enunciated in *Bell, supra,* we also note our recent opinion in *Bartles v. Hinkle,* 196 W.Va. 381, 472 S.E.2d 827 (1996), decided subsequent to the final order herein. Syllabus points 1 and 2 of *Bartles* state:

1. Although Rules 11, 16, and 37 of the West Virginia Rules of Civil Procedure do not formally require any particular procedure, before issuing a sanction, a court must ensure it has an adequate foundation either pursuant to the rules or by virtue of its inherent powers to

Accordingly, the final order of the Circuit Court of Nicholas County, entered on September 12, 1995, is affirmed.

Affirmed.

exercise its authority. The Due Process Clause of Section 10 of Article III of the West Virginia Constitution requires that there exist a relationship between the sanctioned party's misconduct and the matters in controversy such that the transgression threatens to interfere with the rightful decision of the case. Thus, a court must ensure any sanction imposed is fashioned to address the identified harm caused by the party's misconduct.

2. In formulating the appropriate sanction, a court shall be guided by equitable principles. Initially, the court must identify the alleged wrongful conduct and determine if it warrants a sanction. The court must explain its reasons clearly on the record if it decides a sanction is appropriate. To determine what will constitute an appropriate sanction, the court may consider the seriousness of the conduct, the impact the conduct had in the case and in the administration of justice, any mitigating circumstances, and whether the conduct was an isolated occurrence or was a pattern of wrongdoing throughout the case.

Under the circumstances of this action, this Court is of the opinion that, in the context of either *Bartles* or *Bell*, the result herein would be the same.