**STATE OF WEST VIRGINIA**

**Yeshiareg Mulugeta,**
**Respondent Below, Petitioner**

**FILED**

**January 13, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 18-0840** (Berkeley County 14-D-1146)

**Dimitri Misailidis,**
**Petitioner Below, Respondent**

## MEMORANDUM DECISION

Petitioner Yeshiareg Mulugeta, by counsel Gregory A. Bailey, appeals the August 23, 2018, order of the Circuit Court of Berkeley County that denied her motion to reconsider its order dismissing her appeal of the Family Court of Berkeley County's January 19, 2018, order that recalculated her spousal support award in this divorce case. Respondent Dimitri Misailidis, by counsel Cinda L. Scales, filed a response in support of the circuit court's order.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the West Virginia Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion. For the reasons expressed below, the decision of the circuit court is reversed, and this case is remanded to the circuit court with directions to reinstate petitioner's appeal of the family court's January 19, 2018, order, and to rule on the merits of that appeal.

Respondent filed a petition for divorce following the parties' lengthy marriage. The family court granted the divorce and awarded petitioner permanent spousal support. Petitioner appealed the amount of that award. By order entered April 15, 2016, the circuit court affirmed the family court's final order. Petitioner appealed the circuit court's order to this Court. We held that petitioner's spousal support award was "patently unfair." *Mulugeta* v. *Misailidis*, 239 W. Va. 404, 411, 801 S.E.2d 282, 289 (2017). Accordingly, we affirmed in part, reversed in part, and remanded the case to the family court for a hearing on spousal support. On remand, the family court increased petitioner's monthly spousal support award by order entered January 19, 2018.

On February 20, 2018, petitioner timely appealed the family court's order to the circuit court. Petitioner argued that the family court's spousal support award was inadequate and contradicted this Court's instructions in *Mulugeta*. Petitioner gave respondent additional time to file a response. Respondent filed his response on March 23, 2018.

Almost four months later, on Friday, July 13, 2018, the circuit court issued an order directing petitioner "to file a DVD copy of the family court's hearing to the circuit court's mail

receptacle within twenty-one days." Therefore, the DVD was due to the circuit court by Friday, August 3, 2018. Petitioner's counsel requested the DVD copy from the Berkeley County Family Court on Friday, July 27, 2018, seven days before it was due, and two weeks after the circuit court issued its Friday, July 13, 2018, order.

By order entered Monday, August 6, 2018, the circuit court, which had not yet received the DVD, dismissed petitioner's appeal because her counsel failed to deliver the DVD by Friday, August 3, 2018. On Wednesday, August 8, 2018, petitioner's counsel hand-delivered the DVD to the circuit court, three business days after it was due. Petitioner's counsel also filed a motion asking the circuit court to reconsider its August 6, 2018, order dismissing petitioner's petition for appeal.

On August 23, 2018, the circuit court denied petitioner's motion to reconsider its dismissal of her appeal. The circuit court found, *in total*, as follows:

> By letter dated July 27, 2018[,] to Family Court Judge Sally Jackson, [petitioner's] counsel requested the DVD copy of the underlying hearing. Pursuant to Rule 5(b) of the Rules of Practice and Procedure for Family Court, "[a] party may obtain a copy of a recording of the proceedings in the party's case by filing with the circuit clerk a written request . . . ." The Family Court Circuit Clerk's Office received the July 27, 2018[,] correspondence on August 2, 2018[,] and the request was completed on August 6, 2018, after the court-imposed deadline of August 3, 2018.
>
> The Court finds that the delay in [petitioner's] counsel providing this Court with the recording is not due to any dilatory action on the part of the Family Court Circuit Clerk's Office. The Family Court Circuit Clerk's Office provided the recording to [petitioner's] counsel in less than two (2) business days. The Court finds that the delay was caused by [petitioner's] counsel waiting two (2) weeks to request the recording after the July 13, 2018[,] Order was entered directing [petitioner] to provide the recording in twenty-one [21] days.

Petitioner now appeals the August 23, 2018, order denying her motion to reconsider the dismissal of her appeal. The Court reviews the imposition of sanctions by a circuit court under an abuse of discretion standard. *See generally* Syl. Pt. 1, *Bell v. Inland Mut. Ins. Co.*, 175 W. Va. 165, 332 S.E.2d 127 (1985).

On appeal, petitioner argues that the circuit court abused its discretion by dismissing her petition for appeal as a sanction for her counsel's failure to supply the circuit court with a DVD recording of the family court hearing within twenty-one days.[1]

---

[1] Petitioner also argues the merits of her appeal, that the family court abused its discretion by awarding spousal support in an amount that violates the holding and order of remand in *Mulugeta v. Misailidis*, 239 W. Va. 404, 406, 801 S.E.2d 282, 284 (2017). Given that the circuit court did not address the merits of petitioner's appeal in the order on appeal, we decline to address petitioner's arguments in this regard.

We have held that the

> [i]mposition of sanctions of dismissal and default judgment for serious litigation misconduct pursuant to the inherent powers of the court to regulate its proceedings will be upheld upon review as a proper exercise of discretion when trial court findings adequately demonstrate and establish willfulness, bad faith or fault of the offending party.

Syl. Pt. 7, *State ex rel. Richmond American Homes of West Virginia, Inc. v. Sanders*, 226 W. Va. 103, 697 S.E.2d 139 (2010).

We also established the following test to determine whether a court-imposed sanction is appropriate:

> In formulating the appropriate sanction, a court shall be guided by equitable principles. Initially, the court must identify the alleged wrongful conduct and determine if it warrants a sanction. The court must explain its reasons clearly on the record if it decides a sanction is appropriate. To determine what will constitute an appropriate sanction, the court may consider the seriousness of the conduct, the impact the conduct had in the case and in the administration of justice, any mitigating circumstances, and whether the conduct was an isolated occurrence or was a pattern of wrongdoing throughout the case.

*Id.* at syl. pt. 6, 226 W. Va. at 106, 697 S.E.2d at 142.

As shown above, the circuit court, in its order dismissing petitioner's appeal, said only that the circuit clerk did not cause the delay, and that petitioner's counsel did not file his request for the DVD until one week before it was due. Accordingly, the circuit court failed to identify how petitioner's counsel's conduct affected the administration of justice, or to discuss whether counsel's dilatory conduct was isolated or a pattern of wrongdoing under Syllabus Point 6 of *Richmond American Homes*. The circuit court also failed to address whether petitioner's counsel's actions "demonstrate[d] and establish[ed] willfulness, bad faith or fault" under Syllabus Point 7 of *Richmond American Homes*.

In Syllabus Point 1 of *Bartles v. Hinkle*, 196 W. Va. 381, 472 S.E.2d 827 (1996), we held that

> [t]he Due Process Clause of Section 10 of Article III of the West Virginia Constitution requires that there exist a relationship between the sanctioned party's misconduct and the matters in controversy such that the transgression threatens to interfere with the rightful decision of the case. Thus, a court must ensure any sanction imposed is fashioned to address the identified harm caused by the party's misconduct.

We have also said, "dismissal and default are drastic sanctions that should be imposed only in extreme circumstances[.]" *Cattrell Cos. Inc. v. Carlton, Inc.*, 217 W. Va. 1, 14, 614 S.E.2d 1, 14

(2005). Moreover, "dismissal, the harshest sanction, should be used sparingly and only after other sanctions have failed to bring about compliance." *Doulamis v. Alpine Lake Prop. Owners Ass'n, Inc.*, 184 W. Va. 107, 112, 399 S.E.2d 689, 694 (1990).

Petitioner's counsel waited two weeks to file a request for a DVD recording of the parties' family court hearing. Petitioner's counsel apologizes for the delay and takes the blame for the circuit court's late receipt of the DVD. Thus, we will presume that counsel's request for the DVD a week before it was due was, in fact, dilatory. As a result of counsel's dilatory conduct, the circuit court did not receive a copy of the DVD until three business days after it was due. That delay may well have inconvenienced the circuit court. However, the circuit court's drastic sanction of dismissing petitioner's appeal is not proportionate to her counsel's conduct. Here, counsel's delay in requesting the DVD did not threaten to interfere with the rightful decision of the case. Nor was there any evidence to suggest that counsel's conduct was willful, in bad faith, displayed a pattern of wrongdoing throughout the case, was an "extreme circumstance," or that "other sanctions have failed to bring about compliance." Accordingly, we find the circuit court clearly abused its discretion by imposing the drastic sanction of dismissing petitioner's appeal because that sanction does not comport with any inconvenience caused by counsel's delay in requesting the DVD.

For the foregoing reasons, we reverse the circuit court's August 23, 2018, order that denied petitioner's motion to reconsider its dismissal of the family court's January 19, 2018, order. We remand the case to the circuit court with directions to reinstate petitioner's appeal of the Family Court's January 19, 2018, order, and to rule on the merits of the appeal.

Reversed and remanded.

**ISSUED:** January 13, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison