475 S.E.2d 145

Danny KINCAID, Administrator of the Estate of Sandra G. Kincaid, Plaintiff Below, Petitioner

v.

SOUTHERN WEST VIRGINIA CLINIC, INC., a Corporation; Tony G. Bazi, M.D.; Joseph A. Maiolo, M.D.; Marcia Bohn Khalil, M.D.; S. Bembalker, M.D.; N. Mullins, M.D.; Anthony Dinh, M.D.; and Raleigh General Hospital, Inc., a Corporation, Defendants Below, Respondents.

No. 23073.

Supreme Court of Appeals of West Virginia.

Submitted April 30, 1996.

Decided July 17, 1996.

Harry G. Camper, Jr., Richard E. Hardison, Beckley, for Petitioner.

Sprague W. Hazard, Jacobson, Maynard, Tuschman & Kalur, Charleston, for Southern West Virginia Clinic, Dr. Bazi, Dr. Maiolo, Dr. Khalil, Dr. Bembalker, and Dr. Mullins.

Paul L. Weber, Richard L. Earles, Shuman, Annand & Poe, Charleston, for Dr. Dinh.

PER CURIAM.

The Appellant, Danny Kincaid, instituted this personal injury action on March 31, 1993, alleging that the Appellees, Southern West Virginia Clinic, Inc., Raleigh General Hospital, Inc., and several named physicians, had failed to diagnose and treat his wife, who died of Hodgkins lymphoma on November 24, 1992. The Circuit Court of Raleigh County dismissed the action on August 1, 1994, for repeated failure by the Appellant's attorney to comply with discovery orders. In this appeal, the Appellant claims that the circuit court erred in dismissing the action. We disagree, and affirm the circuit court's order for the reasons set out below.

As indicated above, the Appellant filed suit on March 31, 1993. All Appellees filed interrogatories on or about April 29, 1993, requesting Rule 26(b)(4) information regarding expert witnesses the plaintiff intended to call at trial. Receiving no response, the Appellees filed motions to compel discovery in July and August, 1993. The circuit court entered a scheduling order on November 24, 1993, directing the Appellant to disclose experts by March 1, 1994. The court allowed the Appellant to file a motion for an extension of time three weeks after this deadline, and granted an extension until May 7, 1994, with a warning that it would entertain a motion to dismiss if the Appellant failed to comply. The Appellees filed numerous motions for summary judgment and motions to dismiss both before and after the May 7 deadline. The only response filed during this time was the Appellant's "Disclosure of Expert Witnesses," filed May 23, 1994, which provided the names of an oncologist and a gynecolo-

gist, but gave no further information. On July 11, 1994, the court heard arguments on the defendants' motions and finally ordered complete disclosure of the Appellant's Rule 26(b)(4) information[1] no later than July 31, 1994, again warning the Appellant's counsel that failure to comply would "invite dismissal of this case." On August 1, 1994, the circuit court granted the Appellees' motion to dismiss. Later that day, Appellant's counsel filed "Plaintiff's Identification of Expert Witnesses," which named four experts, but gave only a conclusory statement regarding the details of their expected testimony.[2]

The Appellant subsequently moved to set aside the dismissal order on the grounds that July 31 was a Sunday. *See* W.Va.Code § 2-2-2 (1994) (providing for an extension of due dates until the next following business day). The circuit court held a hearing on the motion on January 10, 1994, at which the court again gave Appellant's counsel an opportunity to offer additional information regarding the expected testimony of the medical experts. He offered none. On March 2, 1995, almost two years after the suit was filed, the circuit court denied the Appellant's motion to set aside the dismissal order, based on the failure of counsel to comply with discovery orders and the inadequacy of the responses filed.

■ West Virginia Rule of Civil Procedure 37(b)(2) provides, in relevant part:

If a party ... fails to obey an order to provide or permit discovery, ... the court in which the action is pending may make such orders in regard to the failure as are just, and among others are the following: ... (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part

thereof, or rendering a judgment by default against the disobedient party....

In *Bell v. Inland Mutual Insurance Co.,* 175 W.Va. 165, 332 S.E.2d 127, *cert. denied sub nom. Camden Fire Ins. Ass'n v. Justice,* 474 U.S. 936, 106 S.Ct. 299, 88 L.Ed.2d 277 (1985), this Court examined the circumstances under which a trial court could appropriately dismiss a party's action or grant the opposing party default judgment for failure to comply with court-ordered discovery:

The imposition of sanctions by a circuit court under *W.Va.R.Civ.P.* 37(b) for the failure of a party to obey the court's order to provide or permit discovery is within the sound discretion of the court and will not be disturbed upon appeal unless there has been an abuse of that discretion.

175 W.Va. at 167–68, 332 S.E.2d at 129, Syl. Pt. 1. The Court stated further, in syllabus point four:

Where a party's counsel intentionally or with gross negligence fails to obey an order of a circuit court to provide or permit discovery, the full range of sanctions under *W.Va.R.Civ.P.* 37(b) is available to the court and the party represented by that counsel must bear the consequences of counsel's actions.

*Id.* at 168, 332 S.E.2d at 129.

In *Bell,* the plaintiff filed suit against Inland Mutual Insurance Company in September, 1982. The defendant insurance company answered the complaint, but did not answer interrogatories served by the plaintiff approximately one month later. On February 4, 1983, in response to a motion to compel discovery, the circuit court ordered the defendant to answer the interrogatories by February 14, 1984, with a warning that failure to comply would result in a judgment for the plaintiff on the pleadings. The interrogatories were not

---

1. West Virginia Rule of Civil Procedure 26(b)(4)(i) provides, in relevant part:

    A party may through interrogatories require any other party to identify each person whom the other party expects to call as a expert witness at trial, to state the subject matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.

2. The Appellant's response listed four doctors and their addresses and specialties, and concluded:

    The above physicians have reviewed the medical records in this case and concluded that, to a reasonable degree of medical certainty, the defendants herein failed to timely diagnose the plaintiff's decedent's condition.

answered, and the court entered an order on May 2, 1983, granting the plaintiff a judgment by default. *Id.* at 169, 332 S.E.2d at 131. This Court on appeal found no abuse of discretion. *Id.* at 175, 332 S.E.2d at 137.

■ It appears to the Court that in the case before us the circuit court afforded Appellant even greater opportunities to respond than those offered to the insurance company in the *Bell* case. Appellant's counsel in the instant case did not object to the initial time frame set out in the November 24, 1993, scheduling order, which required answers to interrogatories regarding expert witness testimony by March 1, 1994. Although Appellant's counsel missed that deadline, the trial court granted a total of five months in extensions of time to file the answers. During that time, the court twice warned counsel that failure to comply with the revised discovery deadline would result in dismissal. The Appellant's response to repeated orders to disclose Rule 26(b)(4) information, when finally filed on the day the court dismissed the action, merely listed four doctors and their addresses and specialties, and concluded:

> The above physicians have reviewed the medical records in this case and concluded that, to a reasonable degree of medical certainty, the defendants herein failed to timely diagnose the plaintiff's decedent's condition.

Such a summary cannot be said to "state the subject matter on which the expert is expected to testify," or to "state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion," W. Va. R. Civ. P. 26(b)(4)(A)(i), as ordered by the circuit court.

The Appellant also argues that no disclosure of expert witnesses is required until trial is scheduled, and no trial date was ever set in this case. To support this argument, the Appellant cites *Hulmes v. Catterson,* 182

W.Va. 439, 388 S.E.2d 313 (1989), in which the trial court had dismissed a medical malpractice action for failure to comply with discovery orders directing the disclosure of information regarding expert witnesses. In a per curiam opinion, this Court reversed, quoting from Justice Neely's decision in *Michael v. Henry,* 177 W.Va. 494, 354 S.E.2d 590 (1987):

> Under *W.Va.R.Civ.P.* 26(b)(4)(A)(i), a party is required to disclose to another party the identity of persons whom that party intends to call as expert witnesses at trial only when that party has determined within a reasonable time before trial who his expert witnesses will be.

182 W.Va. at 441, 388 S.E.2d at 315. The Court in *Hulmes* went on to say, however, that the "reasonable time before trial" rule was modified by the amendment of Rule 16 of the West Virginia Rules of Civil Procedure, effective October 31, 1988 (after the events in *Hulmes* took place). Rule 16 was amended to provide for a variety of scheduling and planning techniques, including time limits for completion of discovery. The Court indicated that a scheduling order under Rule 16, as amended, would be controlling in the future. *Id.* at 442, 388 S.E.2d at 315–16. The circuit court in the case before us entered a scheduling order on November 24, 1993, directing the Appellant to disclose Rule 26(b)(4) information by March 1, 1994. Our opinion in *Hulmes v. Catterson* directed that such an order would control.[3]

Under these circumstances, this Court cannot find that the circuit court abused its discretion in dismissing the case. We, therefore, affirm the judgment of the Circuit Court of Raleigh County.

Affirmed.

---

3. The Appellant also asserted during oral argument that the plaintiff's allegation of failure to diagnose Hodgkins lymphoma was so obvious that the anticipated content of expert witness testimony needed no further explanation. We said in syllabus point six of *Addair v. Bryant,* 168 W.Va. 306, 284 S.E.2d 374 (1981), that "[a]ssignments of error that are not argued in the briefs on appeal may be deemed by this Court to be waived." This argument was not briefed, and thus we do not address it.