Andre WILLIAMS, et al., Plaintiffs,

v.

G.M. ROBERTS, Defendant.

No. Civ.A. 00–D–1077–N.

United States District Court,
M.D. Alabama,
Northern Division.

June 25, 2001.

G. Keith Clark, Lloyd W. Gathings II, Misha Y. Mullins, Mark Kennedy, Patrick Patronas, Gathings, Kennedy & Assocs., Montgomery, AL, for plaintiffs.

Jarred O. Taylor II, H. Thomas Wells, Jr., Maynard Cooper & Gale, Birmingham, AL, Jim R. Ippolito, Gilda Branch Williams, AL-DOT Legal Division, Montgomery, AL, for defendant.

## *MEMORANDUM OPINION AND ORDER*

DE MENT, District Judge.

Before the court is Plaintiffs' Motion In Limine, which was filed June 11, 2001 and supplemented June 12. Defendant issued a Response June 18. After careful consideration of the arguments of counsel, the relevant law, and the record as a whole, the court finds that the motion is due to be granted.

## I. DISCUSSION

Plaintiffs have brought a citizen suit under the Resource Conservation and Recovery Act of 1976, 42 U.S.C. § 6972 *et seq.*, alleging that the Alabama Department of Transportation has repeatedly used carcinogens to clean and degrease its equipment and facilities. These materials allegedly have made their way into some 600 acres of earth, presently contaminating a creek, some wetlands, and a plume of groundwater near the Montgomery Zoo and Plaintiffs' homes.

Plaintiffs move to limit or exclude proffered testimony by three witnesses: (1) Alabama Department of Public Health toxicologist Neil Sass; (2) geoscientist Ashley C. Cousins; and (3) geoscientist Tola B. Moffett. The defendant believes all of this testimony should be admitted in its entirety. The court disagrees with the defendant.

### A. *Dr. Sass*

In his trial brief, the defendant proffers that Dr. Sass will testify that tests showed that the area groundwater's concentration of trichloroethylene ranges from zero parts per billion (ppb) to 168.2 ppb, that "these levels do not present a health hazard," and that "the TCE in the groundwater under the neighborhoods in question poses no threat to human health." [1]

The defendant never identified Sass as an expert, although Rule 26(a)(2)(B) of the *Federal Rules of Civil Procedure* requires the disclosure of expert witnesses retained by a party and a "complete statement of all opinions to be expressed and the basis and reasons" for the expert's opinions. The defendant contends that Sass's testimony does not implicate Rule 26 because it is lay testimony proffered under Rule 701. This argument is without merit.

Last winter's amendments to Rule 701 manifest a concern with parties evading "the reliability requirements set forth in Rule 702 ... through the simple expedient of proffering an expert in lay witness clothing." *See* Rule 701 advisory committee notes (2000). Lay witnesses are unfamiliar with things like toxicology, groundwater contamination, and related public health issues. To the extent

1. Tr. Br. at 5–6.

that Sass believes that chemicals in the groundwater "do not present a health hazard," [2] Sass is giving expert testimony.[3] *See, e.g., In re Paoli R.R. Yard PCB Litig.,* 2000 WL 1279922 at *4 (E.D.Pa.2000). The defendant did not disclose Sass as an expert witness. Defendant's actions have prevented Plaintiffs from mounting an appropriate response to Sass's possible testimony. Therefore, the court exercises its discretion to exclude any expert testimony from this witness. *See Bowden v. Wal–Mart Stores, Inc.,* 2001 WL 617521 at *5 (M.D.Ala.2001) (excluding testimony of undisclosed medical expert).

### B. *Cousins and Moffett*

█ Plaintiffs also ask the court to limit the testimony of expert geoscientists Cousins and Moffett. Plaintiffs' request is well-taken.

In their expert reports dated December 28, 2000, Cousins and Moffett stated that "[t]here is insufficient data and information to formulate opinions regarding the causes and extents of the TCE beneath the Eastern Meadows and Vista View subdivisions and regarding remedial measures to mitigate this TCE." [4] Only after Plaintiffs filed their instant motion in limine did Cousins and Moffett update their expert report. This new report, dated June 15, 2001, now states that the contaminants could have come from various sources other than ALDOT.[5]

The experts' conclusions are stated with almost no elaboration in a scant two pages of a cursory 9–page report. The studies, materials, or test results relied on by the experts are not attached to the report or to the defendant's Response brief. Without such attachments and road maps, Plaintiffs cannot hope to evaluate the opinions proffered.

█ The disclosure rules seek to "eliminate unfair surprise, avoid prejudice, and allow the opposing party to mount an appropriate response to the expert's possible testimony." *KW Plastics v. U.S. Can Co.,* 199 F.R.D. 687, 694 (M.D.Ala.2000). The Cousins/Moffett disclosures are woefully inadequate. ALDOT apparently believes that it is shielded from sanctions because it dumped an avalanche of papers on Plaintiffs' counsel immediately before the June 21 status conference. This argument is jejune. ALDOT does not meet its disclosure obligations by telling Plaintiffs, in effect, that they can unearth the basis of the expert's opinions by plowing through numerous binders of data without any further guidance. "This would be, in legal terms, like bringing a motion and offering as support only a reference to the 'United States Code.'" *Erickson v. Baxter Healthcare, Inc.,* 131 F.Supp.2d 995, 1001 (N.D.Ill.2001) (excluding testimony when proffered expert did not cite specific sections of textbooks and journals he reviewed in reaching his opinions about proper treatment for patients co-infected with hepatitis B and HIV/AIDS).

Even worse is that the experts apparently completed their complex studies and turned their results over to Defendant in April and early May 2001, but Defendant did not disclose these studies until the last week or so. Such studies included membrane interface probes in January and February 2001, vapor-implant investigations in April 2001, and unspecified geology and hydrogeology evaluations in May 2001.[6]

█ Counsel has a duty to communicate with his clients, to supplement discovery disclosures, and to provide information not only of which he is aware, but of which he reasonably should have been aware. *See Stallworth v. E–Z Serve Conv. Stores,* 199 F.R.D. 366, 369 (M.D.Ala.2001); *KW Plastics v. U.S. Can Co.,* 2001 WL 237306 at *4 (M.D.Ala. 2001); FED.R.CIV.P. 26(e). If a party does not seasonably supplement its disclosures, a court does not abuse its discretion by limiting

2. *Id.*

3. The absurdity of the defendant's position is made evident by substituting the word "surgeon" for "toxicologist." No reasonable person would doubt that a surgeon would have to be qualified as an expert if she intended to testify, for example, that "this tumor is not cancerous."

4. Rep. at 5.

5. Doc. No. 57, Ex. A at 8–9.

6. Rep. at 5–8.

the witness's testimony to what has been timely disclosed. *See KW Plastics v. U.S. Can Co.*, 131 F.Supp.2d 1289, 1295–96 (M.D.Ala.2001).

The court finds that Defendant knew about the data concerning the vapor-implant, geology, and hydrogeology investigations long before it was finally disclosed. Because this data was not turned over, Defendant's disclosures have been inaccurate and complete for approximately two months. Defendant's litigation tactics have worked profound prejudice and left Plaintiffs guessing as to the testimony of two of Defendant's key witnesses. Therefore, Cousins and Moffett's testimony is limited strictly to the conclusions or opinions stated on or before December 28, 2000. *See id.; NutraSweet Co. v. X–L Eng'g Co.*, 227 F.3d 776, 786 (7th Cir.2000) (excluding scientific testimony in CERCLA case); *see also* 8 Charles Alan WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE & PROCEDURE § 2049.1 at 605 (2d ed.1990) (noting that Rule 26(e) "makes a special point of the importance of full disclosure and supplementation with regard to expert testimony, a traditionally troublesome area concerning last-minute changes.")

## II. ORDER

It is CONSIDERED and ORDERED that Plaintiffs' Motion In Limine be and the same is hereby GRANTED. The testimony of Cousins, Moffett, and Sass be and the same is hereby LIMITED in accordance with this opinion.