**IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA**

**January 2015 Term**

_____

**No. 14-0948**

_____

**FILED**

**February 12, 2015**
released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**STATE OF WEST VIRGINIA EX REL.
DR. TODD TALLMAN, M.D.,**
**Petitioner,**

**V.**

**THE HONORABLE SUSAN B. TUCKER,
JUDGE OF THE CIRCUIT COURT OF MONONGALIA COUNTY;
PATRICIA M. POWELL, AS EXECUTRIX OF THE ESTATE OF
ROBERT L. POWELL; AND PATRICIA M. POWELL, INDIVIDUALLY,**
**Respondents.**

_____

**ORIGINAL PROCEEDING IN PROHIBITION**

**WRIT GRANTED**

_____

**Submitted:   February 4, 2015**
**Filed:   February 12, 2015**

Stephen R. Brooks
Travis A. Prince
Flaherty Sensabaugh Bonasso
Morgantown, West Virginia
Attorneys for Petitioner

Frances C. Whiteman
Kristine A. Burdette
Whiteman Burdette
Fairmont, West Virginia
Attorneys for Respondents

JUSTICE DAVIS delivered the Opinion of the Court.

CHIEF JUSTICE WORKMAN and JUSTICE LOUGHRY concur and reserve the
right to file concurring opinions.

**SYLLABUS BY THE COURT**

1.     Under Rule 26(e)(1) of the West Virginia Rules of Civil Procedure, a party responding to a discovery request is under a continuing duty to make a seasonable supplementation to its original answers to any question asking for the identity of an expert witness expected to be called at trial, the subject matter on which the expert will testify, and the substance of his or her testimony.

2.     Factors that may assist a court in deciding whether to permit late supplemental expert witness disclosure include: (1) the explanation for making the supplemental disclosure at the time it was made; (2) the importance of the supplemental information to the proposed testimony of the expert, and the expert's importance to the litigation; (3) potential prejudice to an opposing party; and (4) the availability of a continuance to mitigate any prejudice.

**Davis, Justice:**

Petitioner, Dr. Todd Tallman ("Dr. Tallman"), invokes this Court's original jurisdiction seeking a writ of prohibition to prevent enforcement of an order of the Circuit Court of Monongalia County that precludes his experts from rendering opinions that were set out in a supplemental discovery disclosure. The Respondent, Patricia Powell ("Ms. Powell"), contends that the circuit court's order is correct and that Dr. Tallman has failed to satisfy the standard for issuance of the writ. Upon our review of the parties' briefs and oral arguments, the appendix records designated for our consideration, and the pertinent authorities, we find that Dr. Tallman has demonstrated sufficient grounds to warrant issuance of the requested writ of prohibition. Therefore the writ is granted.

## I.

## FACTUAL AND PROCEDURAL HISTORY

On July 27, 2012, Ms. Powell filed the instant medical malpractice action against Dr. Tallman.[1] The complaint alleged that Dr. Tallman was medically negligent in causing the death of Ms. Powell's spouse, Robert L. Powell.[2] Specifically, the complaint alleged that Dr. Tallman failed to diagnose Mr. Powell's appendicitis, which resulted in complications that caused his death on October 28, 2010.

---

[1]An amended complaint was filed in August 2012.

[2]Ms. Powell filed the action individually and as executrix of the estate of Mr. Powell.

1

After the pleadings were filed, the trial court entered a scheduling order. Relevant to this proceeding, the scheduling order required Ms. Powell to disclose her experts by May 31, 2013, and Dr. Tallman was required to disclose his experts by July 12, 2013. The discovery cut-off date was set for January 24, 2014. The record indicates that Ms. Powell did not comply with the scheduling order's expert disclosure deadline. It appears that Ms. Powell did not mail expert disclosure information to Dr. Tallman's counsel until July 3, 2013. A letter in the record of this case, dated July 3, 2013, and drafted by counsel for Dr. Tallman, appears to suggest that the parties had a telephone conversation wherein it was "agreed that [Dr. Tallman] shall have a six (6) week extension to provide his expert witness designation." This extension appears to relate to Ms. Powell's late disclosure of her experts.

In a letter addressed to counsel for Ms. Powell and dated July 31, 2013, counsel for Dr. Tallman acknowledged receipt of the expert disclosure information. However, the letter indicated Ms. Powell's expert disclosure was insufficient and did not meet the requirements of Rule 26(b)(4) of the West Virginia Rules of Civil Procedure. The letter further indicated that Dr. Tallman would not make his expert disclosure "until such time as the required information is received from you." In a follow-up letter to counsel for Ms. Powell, dated November 12, 2013, counsel for Dr. Tallman complained that he had not received the requested supplemental expert disclosure. The letter concluded: "If we do not receive a supplemental expert witness disclosure from you by

2

November 18, 2013, we will be forced to file a motion to compel the same with the Court."

The record indicates that, even though Dr. Tallman had not received the requested supplemental expert witness disclosure, he served Ms. Powell with his expert witness disclosure via mail on November 15, 2013. On or about November 19, 2013, Dr. Tallman filed a motion to strike and preclude testimony by Ms. Powell's expert witnesses or, in the alternative, to compel complete expert witness disclosure. While this motion was pending, it appears that the circuit court entered a new scheduling order on March 6, 2014. Under the new scheduling order, the discovery deadline was extended to July 14, 2014.

On or about April 9, 2014, a hearing was held on Dr. Tallman's pending motion. At the conclusion of the hearing, an agreed order was entered on May 27, 2014. In the agreed order, the circuit court denied Dr. Tallman's motion to strike and preclude testimony by Ms. Powell's expert witnesses. However, the agreed order also indicated that,

> with regard to [Ms. Powell's] expert witness disclosure of Dr. Leonard Milewski, the parties, in an effort to compromise, have agreed to permit [Ms. Powell's] counsel to supplement her expert witness disclosure of Dr. Leonard Milewski by using the contents of the screening certificate of merit prepared and signed by Dr. Leonard Milewski.

Ms. Powell served the supplemental disclosure of her expert, Dr. Milewski,

on June 3, 2014. Dr. Tallman thereafter deposed Dr. Milewski on June 19, 2014. Subsequent to obtaining a transcript of Dr. Milewski's deposition, Dr. Tallman had his two experts review the transcript. Dr. Tallman's experts revised their opinions after reading Dr. Milewski's deposition and reviewing additional discovery information. Consequently, on July 29, 2014, Dr. Tallman served Ms. Powell with a supplemental expert witness disclosure that contained revised opinions by his expert witnesses.

Ms. Powell filed a motion to exclude from trial the opinions contained in Dr. Tallman's supplemental expert witness disclosure. The basis for the motion was that "[t]he disclosure was made to [Ms. Powell's] counsel a significant time after the deadline for making any such disclosures." The trial court granted the motion. Dr. Tallman thereafter instituted this proceeding.

## II.

## STANDARD FOR ISSUANCE OF WRIT

Our standard for determining whether to issue a writ of prohibition has been formulated as follows:

In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight.

Syl. pt. 4, *State ex rel. Hoover v. Berger*, 199 W. Va. 12, 483 S.E.2d 12 (1996). We will consider these factors in our analysis of the parties' argument.

## III.

## DISCUSSION

This case presents a single issue for resolution. That issue is whether the trial court's decision to exclude the additional opinions by Dr. Tallman's experts was clearly erroneous as a matter of law.[3] We believe that it was.

---

[3]Ms. Powell argues unpersuasively that Dr. Tallman cannot satisfy any of the factors under *Berger.* We disagree and find that the third factor in *Berger* is applicable in this case.

It has been recognized, and we now hold, that, under Rule 26(e)(1) of the West Virginia Rules of Civil Procedure,

> "a party responding to a discovery request is under a continuing duty to make a seasonable supplementation to its original answers to any question asking for the identity of an expert witness expected to be called at trial, the subject matter on which the expert will testify and the substance of his testimony."

Franklin D. Cleckley, Robin Jean Davis, and Louis J. Palmer, Jr., *Litigation Handbook on West Virginia Rules of Civil Procedure*, § 26(e)(1) (4th ed. 2012) (quoting *Hancock v. Hobbs*, 967 F.2d 462 (11th Cir. 1992)). In other words, the rule "places an affirmative duty on an attorney to . . . supplement disclosure to his adversary." *Arthur v. Atkinson Freight Lines Corp.*, 164 F.R.D. 19, 20 (S.D.N.Y. 1995). *See Estate of Fout-Iser ex rel. Fout-Iser v. Hahn*, 220 W. Va. 673, 680, 649 S.E.2d 246, 253 (2007) (Davis, C.J., dissenting) ("[W]hen a party has disclosed the identity of an expert witness and the subject matter about which the expert is expected to testify, he/she is bound, also, to disclose any new information he/she acquires in this regard."). Moreover, the rule has an express enforcement provision. Rule 26(e)(1) provides "that if supplementation is not made as required by the rule, the court, upon motion or upon its own initiative, may impose an appropriate sanction as provided for under Rule 37." Cleckley, et al., *Litigation*

*Handbook*, § 26(e)(1).  *See Jenkins v. CSX Transp., Inc.*, 220 W. Va. 721, 727, 649 S.E.2d 294, 300 (2007) (affirming trial court decision to prohibit certain testimony by expert witness because of failure to supplement discovery response).  *See also Williams v. Roberts*, 202 F.R.D. 294, 296-97 (M.D. Ala. 2001) ("If a party does not seasonably supplement its disclosures, a court does not abuse its discretion by limiting the witness's testimony to what has been timely disclosed.").  Finally, and we so hold, factors that may assist a court in deciding whether to permit late supplemental expert witness disclosure include:

> (1) the explanation for making the supplemental disclosure at the time it was made; (2) the importance of the supplemental information to the proposed testimony of the expert, and the expert's importance to the litigation; (3) potential prejudice to an opposing party; and (4) the availability of a continuance to mitigate any prejudice.

*Tucker v. Ohtsu Tire & Rubber Co.*, 49 F. Supp. 2d 456, 461 (D. Md. 1999).

Based upon the procedural facts of this case, we find as a matter of law that Dr. Tallman "seasonably" supplemented his expert witness disclosure.

We begin by noting that the circuit court's order finds fault with Dr. Tallman for supplementing his expert witness disclosure fifteen days after the discovery cut-off

7

date. However, the order implicitly pardons Ms. Powell for not filing her initial expert witness disclosure until thirty-three days after the deadline for making such disclosure. The bedrock of our judicial system is fairness to all parties. In our view of the record, fairness was not shown to Dr. Tallman.[4]

In addition to Ms. Powell disclosing her experts thirty-three days after the circuit court's initial scheduling order required her to make such disclosure, Dr. Tallman found Ms. Powell's expert disclosure was deficient. As a result of the inadequacy of Ms. Powell's expert disclosure, Dr. Tallman was forced to file a motion to compel disclosure in a manner that was required by Rule 26(b)(4). We find the late and inadequate disclosure by Ms. Powell was the cause of Dr. Tallman's inability to fully disclose the opinions of his experts within the initial and subsequent discovery cut-off dates.

The circuit court's order does not give any weight to the fact that its approval of the May 27 agreed order required Ms. Powell to furnish Dr. Tallman with an expert witness disclosure that was in compliance with Rule 26(b)(4), as expressly required in the

---

[4]Under the facts of this case, it is of no moment that Dr. Tallman may have acquiesced in Ms. Powell submitting her initial expert disclosure after the cut-off date. It is common practice for lawyers to mutually agree to conduct discovery in a manner that is not always consistent with a circuit court's scheduling order. The critical issue here is that Dr. Tallman and Ms. Powell appear to have reached an understanding that allowed late disclosure by her, but she sought to have Dr. Tallman sanctioned for a supplemental disclosure that was outside the time frame of the scheduling order. It is simply unacceptable for the trial court to allow Ms. Powell to manipulate the litigation process in this manner.

initial scheduling order. The circuit court determined that, because Ms. Powell was only restating information found in her screening certificate of merit, this did not justify Dr. Tallman's late disclosure. We disagree.

The critical issue was not that Ms. Powell was merely restating information found in her screening certificate of merit. Rather, the critical issue for Dr. Tallman was that he now knew exactly who Ms. Powell's expert was and what opinions he would rely upon. While it is true that Dr. Tallman could have deposed Dr. Milewski as soon as he was listed as an expert, a party is not required to depose an expert in the dark. The very basis of expert disclosure under Rule 26(b)(4) is so that a party does not have to go on a fishing expedition in trying to determine what opinions the expert will rely upon at trial.

We have reviewed Ms. Powell's initial expert witness disclosure, and we agree with Dr. Tallman that this disclosure falls completely below the minimal disclosure requirements of Rule 26(b)(4). We tersely addressed this issue in *Kincaid v. Southern West Virginia Clinic, Inc.*, 197 W. Va. 145, 475 S.E.2d 145 (1996). In *Kincaid,* the trial court dismissed the plaintiff's claim for discovery violations, including failure to provide expert witness disclosure. On the date the trial court dismissed the action, the plaintiff filed an expert witness disclosure. This Court rejected the disclosure for the following reason:

> The Appellant's response to repeated orders to disclose Rule

9

26(b)(4) information, when finally filed on the day the court dismissed the action, merely listed four doctors and their addresses and specialties, and concluded:

> The above physicians have reviewed the medical records in this case and concluded that, to a reasonable degree of medical certainty, the defendants herein failed to timely diagnose the plaintiff's decedent's condition.

Such a summary cannot be said to "state the subject matter on which the expert is expected to testify," or to "state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion," . . . as ordered by the circuit court.

*Kincaid*, 97 W. Va. at 148, 475 S.E.2d at 148.

In the instant proceeding, Ms. Powell's expert witness disclosure merely listed the names of six medical experts and a few curriculum vitae. Apparently it was not until the hearing on the motion to compel that it was determined that only one of the six physicians named as experts by Ms. Powell, Dr. Milewski, was actually going to be treated as an expert. Most importantly, it was only after the hearing concluded that Ms. Powell complied with the initial scheduling order by tendering an expert witness disclosure that set out a summary of Dr. Milewski's findings and opinions. Had Ms. Powell presented her expert witness disclosure in compliance with Rule 26(b)(4), as required by the initial scheduling order and within the time period of the scheduling order, not thirty-three days

10

late, Dr. Tallman could have timely deposed Dr. Milewski and thereafter rendered a timely expert witness disclosure without having to provide supplemental disclosure.

Moreover, even if we assumed that Ms. Powell was not at fault in causing Dr. Tallman to supplement his expert witness disclosure after the discovery cut-off date, we still would be hard-pressed to find that his experts should be prevented from rendering the additional opinions. There was no evidence showing that Ms. Powell suffered any prejudice as a result of the late disclosure. The supplemental disclosure was made only fifteen days after the discovery deadline, and six weeks from the trial date. Even though the record supports Dr. Tallman's assertion that Ms. Powell did not engage in any meaningful discovery,[5] she still had sufficient time to prepare for the additional expert opinions. Moreover, Ms. Powell could have ultimately sought a continuance if she wished to finally engage in discovery by taking the depositions of Dr. Tallman's experts.

Finally, we also find that the supplemental disclosure information was relevant and important to the litigation. The supplement disclosed eleven additional opinions by Dr. Tallman's experts.

---

[5]Ms. Powell failed to depose Dr. Tallman's experts based upon their initial opinions.

11

## IV.

## CONCLUSION

The record in this case demonstrates that the circuit court committed error as a matter of law in precluding Dr. Tallman's experts from presenting their additional opinions at trial. Therefore, the writ prayed for herein is issued, and we prohibit enforcement of the circuit court's September 19, 2014, order granting Ms. Powell's motion *in limine* to exclude the additional opinions of Dr. Tallman's experts.

Writ Granted.