490 S.E.2d 291

**Brent C. SHEELY and Bonnie J. Penwell, Plaintiffs Below, Appellants,**

v.

**Thomas P. and Blanche M. PINION and James F. Butts, Jr., Defendants Below, Appellees.**

No. 23867.

Supreme Court of Appeals of West Virginia.

Submitted May 6, 1997.

Decided June 19, 1997.

Charles A. Kiser, Joseph B. Cordell, Kiser, Stone & Cordell, Martinsburg, for Appellants.

Francine Phillips, Martinsburg, for Appellees Thomas P. and Blanche M. Pinion.

Joanna I. Tabit, Douglas S. Rockwell, Tracey B. Dawson, Steptoe & Johnson, Martinsburg, for Appellee James F. Butts, Jr.

PER CURIAM:

Brent C. Sheely and Bonnie J. Penwell (Sheely), appellants/plaintiffs, appeal from two orders of the Circuit Court of Berkeley County: (1) an order precluding them from using expert testimony and (2) an order granting summary judgment to the appellees/defendants, Thomas P. Pinion and James F. Butts, Jr. The plaintiffs argue in this appeal that the circuit court committed error by precluding them from calling expert witnesses and granting summary judgment to the defendants.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

This case involves the purchase of real estate by the plaintiffs from Thomas P. Pinion. The plaintiffs purchased 2 1/2 lots from Mr. Pinion on October 25, 1993. Prior to the actual sale of the land, the parties entered into an agreement that required Mr. Pinion to install a septic system on the property. Mr. Pinion contracted with James F. Butts, Jr. to install the septic system. Mr. Butts installed the septic system on the property.

The plaintiffs moved onto the property in May of 1994. The plaintiffs placed a trailer on the property. The plaintiffs made certain alterations to the septic system in order to connect it to the trailer. In November of 1994 the plaintiffs discovered raw sewage

above ground. The plaintiffs were forced to leave their residence as a result of the health hazard posed by the raw sewage.

As a result of the spillover of raw sewage from the septic system, on January 23, 1995 the plaintiffs filed this action against the defendants.[1] The complaint set forth four theories of liability: (1) breach of contract, (2) breach of implied warranty of suitability of purpose, (3) intentional misconduct and (4) negligence.

A scheduling conference was held by the circuit court on May 19, 1995. On May 22, 1995 the circuit court filed a scheduling conference order, which, among other things, established a discovery deadline and determined the dates by which each party was required to identify experts. The scheduling order specifically provided that "[i]n accordance with WVRCP 16(f), the Court will impose the full spectrum of sanctions authorized by the WVRCP if a party or party's counsel fails to obey this order[.]"

On July 24, 1995 defendant Pinion filed a motion to compel the plaintiffs to comply with certain discovery requests. The plaintiffs failed to file a response to the motion to compel. On August 8, 1995 defendant Butts filed a motion seeking sanctions against the plaintiffs under W.Va.R.C.P., Rule 16(f) for failing to identify experts pursuant to the deadline provided by the scheduling order.[2] The plaintiffs failed to file a response to defendant Butt's motion for sanctions. By order entered August 28, 1995, the circuit court granted defendant Butt's sanction request by precluding plaintiff's use of an expert witness. The circuit court, in the same order, dismissed the complaint on the grounds that plaintiffs needed an expert to prove their case.[3] The plaintiffs subsequently filed a motion seeking to set aside the order dismissing the case. A hearing was held on the motion to set aside the dismissal. On December 7, 1995, the circuit court filed an order reinstating the case to its docket. However, as a sanction for failing to obey the expert identification deadline in the scheduling order, the order reaffirmed the circuit court's previous decision to preclude the plaintiffs expert.

The defendants filed motions for summary judgment. The circuit court granted summary judgment to the defendants by order entered February 21, 1996. The sole basis for granting summary judgment was the circuit court's determination that the plaintiffs needed an expert to prove their case. The plaintiffs appeal alleging that (1) it was error for the circuit court to sanction them by precluding them from calling an expert witness and (2) that summary judgment was inappropriate because plaintiff's case required no expert.

## II.

## DISCUSSION

### A.

### Rule 16(f) Sanctions

■ The plaintiffs' first argument is that the circuit court committed error by invoking Rule 16(f) to preclude them from calling an expert witness.[4] Our standard of

---

1. Mr. Pinion's wife was nominally named as a defendant in this matter.

2. Defendant Butts also sought an independent sanction under W.Va.R.C.P., Rule 37(b)(2) due to plaintiffs' failure to answer certain discovery requests. However, the circuit court's order precluding use of an expert was based upon noncompliance with the expert identification deadline in the scheduling order.

3. The circuit court made the following findings in support of its sanctions:

1. The Plaintiffs were required to disclose their experts on July 1, 1995;
2. Plaintiffs failed to do so;

3. No motion to extend the deadline and/or for other protective relief was filed by Plaintiffs prior to the expiration of the deadline, nor has any such relief been filed as of the date that Defendant Butts filed his Motion before the Court;
4. The Plaintiffs have therefore failed to comply with the Order of the Court.

4. Rule 16(f) provides as follows:

(f) Sanctions. If a party or party's attorney fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference, or if a party or party's attorney is substantially unprepared to participate in the conference, or if a party or party's attorney fails to participate in

review is an abuse of discretion standard. *See* Syl. Pt. 1, *Bell v. Inland Mut. Ins. Co.,* 175 W.Va. 165, 332 S.E.2d 127, *cert. denied sub nom. Camden Fire Ins. Ass'n v. Justice,* 474 U.S. 936, 106 S.Ct. 299, 88 L.Ed.2d 277 (1985) ("The imposition of sanctions by a circuit court under W.Va.R.Civ.P. 37(b) for the failure of a party to obey the court's order to provide or permit discovery is within the sound discretion of the court and will not be disturbed upon appeal unless there has been an abuse of that discretion."); *Cox v. Department of Natural Resources,* 194 W.Va. 210, 218 n. 3, 460 S.E.2d 25, 33 n. 3 (1995) (Cleckley, J., concurring) ("We review the circuit court's imposition of sanctions under an abuse of discretion standard.") (citations omitted). In *Bartles v. Hinkle,* 196 W.Va. 381, 472 S.E.2d 827 (1996) we stated:

> On the appeal of sanctions, the question is not whether we would have imposed a more lenient penalty had we been the trial court, but whether the trial court abused its discretion in imposing the sanction. It does not mean, however, that we will rubber stamp the sanction decisions of a trial court. Both Rule 16(f) and 37(b) of the Rules of Civil Procedure allow the imposition of only those sanctions that are "just."

*Id.,* 196 W.Va. at 389–90, 472 S.E.2d at 835–36. In syllabus point 2 of *Bartles* we summarized the factors circuit courts must consider in deciding whether to impose sanctions:

> In formulating the appropriate sanction, a court shall be guided by equitable principles. Initially, the court must identify the alleged wrongful conduct and determine if it warrants a sanction. The court must explain its reasons clearly on the record if it decides a sanction is appropriate. To determine what will constitute an appropriate sanction, the court may consider the seriousness of the conduct, the impact the conduct had in the case and in the administration of justice, any mitigating circum-

stances, and whether the conduct was an isolated occurrence or was a pattern of wrongdoing throughout the case.

Finally, we said in *Bartles,*

> The party seeking sanctions ... has the burden of proving noncompliance with a discovery order. If established, the burden of proof shifts to the noncompliant party to demonstrate either that it was unable to comply or that special circumstances exist which make the imposition of sanctions unjust. If it is demonstrated that a noncompliant party intentionally or with gross negligence failed to obey a court order, the full range of sanctions ... is available to the court.

*Id.,* 196 W.Va. at 390, 472 S.E.2d at 836.

In *State ex rel. State Farm Fire & Cas. Co. v. Madden,* 192 W.Va. 155, 451 S.E.2d 721 (1994) we addressed the issue of precluding a party from designating expert, as a sanction for failing to comply with the disclosure deadline of a scheduling order.[5] Following a scheduling conference in *State Farm* the circuit court issued a scheduling order establishing a deadline for designation of experts. The defendant failed to designate an expert before the deadline expired. The circuit court refused to allow the defendant to designate experts after the deadline passed. The defendant sought a writ of prohibition from this Court to prevent enforcement of the circuit court's order denying its request to designate experts. The defendant argued below and to this Court, that it should have been allowed to designate experts because it changed counsel. We rejected the defendant's argument and held "that the circuit court was acting within his discretion ... by refusing to allow [the defendant] to designate experts after the expiration of the deadlines established in the scheduling order." *Id.,* 192 W.Va. at 161, 451 S.E.2d at 727.

good faith, the judge, upon motion or his own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D). In lieu of or in addition to any other sanction, the judge may require the party or the attorney representing him or both to pay reasonable expenses incurred because of any noncompliance with this rule, including attor-

ney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust.

5. Although the sanction imposed in *State Farm* was under Rule 16(f), the opinion did not specifically cite to or discuss the rule.

■ In the matter *sub judice* the circuit court precluded plaintiffs from calling expert witnesses, as a sanction for failing to comply with the expert disclosure deadline in the scheduling order.[6] It is argued by the plaintiffs that the sanction was inappropriate because plaintiff had no prior warning that such penalty would be imposed. This Court addressed the issue of warning before imposition of sanctions in *Bartles*. In *Bartles* we stated "[t]he absence of a prior warning that the court was considering sanctions may be a pertinent factor in evaluating a sanction[.]" *Bartles*, 196 W.Va. at 393, 472 S.E.2d at 839. However, "[a] court need not provide warning that a sanction will result from repeated violations of . . . an order." *Id. See Woolwine v. Raleigh General Hospital*, 194 W.Va. 322, 328 n. 8, 460 S.E.2d 457, 464 n. 8 (1995) (per curiam) ("In almost any conceivable set of circumstances, a circuit court's failure to . . . warn of an impending ultimate sanction . . . would amount to reversible error. We would, however, characterize [an] egregious pattern of neglect as an exception to the rule.") (citations omitted). In spite of the argument raised by the plaintiffs, we are satisfied from the record that plaintiffs had fair warning of the sanction and an opportunity to be heard. The circuit court's order specifically addressed this issue: "The Plaintiffs were on fair notice that the Defendant Butts sought to strike their experts by Defendant's Motion to Strike and/or Combined Motion for Alternative Relief[.]"[7] The circuit court's order correctly noted that the plaintiffs had a "duty to answer the proposed motion" and they inexcusably failed to do so. Moreover, at the hearing to set aside the order dismissing the case, the plaintiffs had full opportunity to articulate reasons why

exclusion of their experts was an improper sanction. The plaintiffs failed to carry their burden.

■ The plaintiffs argue next that precluding their expert witness is too harsh. We reject this argument. *See Kincaid v. Southern West Virginia Clinic, Inc.*, 197 W.Va. 145, 475 S.E.2d 145 (1996) (per curiam) (affirming dismissal of action for failing to identify experts); *Woolwine*, (affirming dismissal for failing to identify experts). The record in this case discloses a pattern of gross, if not wilful, neglect of circuit court orders and failure to respond to motions. We have previously indicated that "[t]his Court does not countenance an attorney's inexcusable disobedience of court orders." *Woolwine*, 194 W.Va. at 328, 460 S.E.2d at 463, citing, *Michael v. Henry*, 177 W.Va. 494, 354 S.E.2d 590 (1987). In view of the conduct disclosed by the record the sanction imposed was appropriate.

The record in this case reveals the following conduct. The plaintiffs failed to comply with the scheduling order deadline. The plaintiffs failed to respond to discovery requests made by both defendants. Defendant Pinion filed a motion to compel the plaintiffs to respond to his discovery requests. Plaintiffs failed to respond to the motion. The circuit court issued an order compelling the plaintiffs to respond to defendant Pinion's discovery requests. The record indicates that plaintiffs failed to timely comply with the Court's order. Defendant Butts filed a motion to strike plaintiffs' experts as a sanction for failure to disclose within the period set out in the scheduling order. The plaintiffs failed to respond to the motion. The

---

**6.** Rule 16(f) addresses sanctions for noncompliance with a scheduling order or pretrial order issued pursuant to Rule 16. The only sanction specifically set out in Rule 16(f) is that of imposing attorney's fees and expenses on a noncomplying party. Rule 16(f) also permits imposition of the sanctions provided in Rule 37(b). *See* note 4, *supra*. In the instant proceeding the sanction provided in Rule 37(b)(2)(B) was invoked through Rule 16(f). " 'Rule 37 of the West Virginia Rules of Civil Procedure is designed to permit the use of sanctions against a party who refuses to comply with the discovery rules, i.e., Rules 26 through 36.' Syllabus Point 1, *Shreve v. Warren Assoc., Inc.*, [177] W.Va. [600], 355

S.E.2d 389 (1987)." Syl. Pt. 1, *Doulamis v. Alpine Lake Property Owners Ass'n, Inc.*, 184 W.Va. 107, 399 S.E.2d 689 (1990).

**7.** The circuit court's order elaborated further as follows:

[T]he Court also finds that the Plaintiffs were on notice that the Defendants were seeking affirmative relief to strike all of Plaintiffs' experts, and Plaintiffs have not demonstrated excusable neglect and/or surprise which the Court, in its discretion, believes can properly account for counsel's failure to respond to and oppose Defendant Butts' motion.

circuit court reinstated the case to its docket because there was no evidence proving that the plaintiffs were actually notified dismissal of the case was contemplated.[8] In sum, plaintiffs showed no interest in this litigation until the circuit court dismissed the case from its docket. The circuit court did not abuse its discretion in precluding the plaintiffs use of experts.

## B.

### Summary Judgment

■ Plaintiffs argue that summary judgment was inappropriate. We said in syllabus point 1 of *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994) that "[a] circuit court's entry of summary judgment is reviewed de novo." In syllabus point 3 of *Aetna Casualty & Surety Co. v. Federal Ins. Co. of N.Y.*, 148 W.Va. 160, 133 S.E.2d 770 (1963) we held: "A motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." In syllabus point 5 of *Jividen v. Law*, 194 W.Va. 705, 461 S.E.2d 451 (1995) we explained "genuine issue" by stating:

> Roughly stated, a "genuine issue" for purposes of West Virginia Rule of Civil Procedure 56(c) is simply one half of a trialworthy issue, and a genuine issue does not arise unless there is sufficient evidence favoring the non-moving party for a reasonable jury to return a verdict for that party. The opposing half of a trialworthy issue is present where the non-moving party can point to one or more disputed "material" facts. A material fact is one that has the capacity to sway the outcome of the litigation under the applicable law.

■ The circuit court's order granting summary judgment stated that plaintiffs needed expert testimony to prevail on their claim. As previously discussed, the plaintiffs were precluded by the court's order from calling an expert. Therefore the court ruled that summary judgment was appropriate.

The defendants contend that our decision in *Neary v. Charleston Area Medical Center, Inc.*, 194 W.Va. 329, 460 S.E.2d 464 (1995) (per curiam) supports the circuit court's determination that expert testimony is necessary for plaintiffs to prevail in this case. The defendants are mistaken. *Neary* involved a medical malpractice action and the statutory discretion courts have in requiring expert testimony in medical professional liability cases. In syllabus point 8 of *McGraw v. St. Joseph's Hospital*, 200 W.Va. 114, 488 S.E.2d 389 (1997), we stated "[a] trial court is vested with discretion under W.Va.Code § 55–7B–7 (1986) to require expert testimony in medical liability cases[.]" The case *sub judice* is not a medical professional liability case. Neither *Neary* nor W.Va.Code § 55–7B–7 are applicable. The defendants have failed to cite any authority by this Court or from any other jurisdiction supporting their contention that, under the facts of this case, expert testimony is necessary.

■ W.Va.R.Evid., Rule 702 provides that expert opinion testimony may be allowed if it "will assist the trier of fact to understand the evidence or to determine a fact in issue[.]" The essence of Rule 702 is that of "assisting" the factfinder's comprehension through expert testimony. *See Tanner v. Rite Aid of West Virginia, Inc.*, 194 W.Va. 643, 654 n. 17, 461 S.E.2d 149, 160 n. 17 (1995) ("Helpfulness to the jury ... is the touchstone of Rule 702."). Neither Rule 702 nor the law in general mandate expert testimony in all civil litigation.[9] *See Tanner*, 194 W.Va. at 654, 461 S.E.2d at 160, wherein we stated that "[a]lthough expert testimony may be a helpful and effective method of proving

---

**8.** Counsel for defendant Butts prepared a proposed order which included dismissal of the case as a sanction. However, counsel for plaintiffs denied receiving a copy of the proposed order. Counsel for defendant Butts could not recall actually sending a copy to other counsel of record.

**9.** Opinion testimony by lay witnesses is permitted under W.Va.R.Evid., Rule 701, which states:

> If the witness is not testifying as an expert, his or her testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue.

emotional distress and its relationship to the act complained of, it is not always necessary." *See* Syl. Pt. 8, *McGraw* ("The standard of nonmedical, administrative, ministerial or routine care in a hospital need not be established by expert testimony, because the jury is competent from its own experience to determine and apply a reasonable care standard."); *Weber v. Weber,* 193 W.Va. 551, 554, 457 S.E.2d 488, 491 (1995) ("In cases involving simple child care, expert witnesses are not required and the natural parents of a child are presumed to be capable of caring for a young child."). We find it was error for the circuit court to rule as a matter of law, at the summary judgment phase, that the plaintiffs needed expert testimony for their case to reach the jury.[10]

 The record in this case demonstrates that material issues of fact are in dispute. The parties have evidence to support their respective positions. The evidence presents disputed factual issues which require jury determination.

### III.

### CONCLUSION

The circuit court's order precluding plaintiffs use of expert witnesses is affirmed. The order granting summary judgment to the defendants is reversed and this case is remanded.

Affirmed in part; Reversed in part; and Remanded.

---

10. We hasten to point out that the circuit court has discretion to determine at trial, on a proper motion at the close of the evidence by both the plaintiffs and defendants, whether lack of expert testimony by the plaintiffs necessitates a directed verdict. We stated in *Tanner* that "[a] determination by the trial court as to whether a plaintiff has presented sufficient evidence absent expert testimony such that the jury from its own experience can evaluate the claim, its causal connection to the defendant's conduct and the damages flowing therefrom will not be disturbed unless it is an abuse of discretion." *Tanner,* 194 W.Va. at 654, 461 S.E.2d at 160.