# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Katy Addair, Administratrix of the Estate of
Gary Addair, David Farley, Deborah Stollings,
Jim Roach, Don L. Peters, William Weese,
George Ferguson, Dwight D. Brumfield, Jimmy
Farrell, Timothy L. Toler, Clarence McCoy,
Danny Smith, Clark Kidwell, Terry V. Martin,
John White, Roger V. Williams, Bobby Maynard,
Timothy W. Smith, David Hill, Roger D. Muncy,
Jerrell D. Miller, Jr., Mitchell McDerment, Jerry
F. Duncan, Carl McPeake, Peggy Blankenship,
Robert Dingess, Larry Crawford, Larry Hatfield,
Steven Hylton, Kenneth King, Roger Reed, James
Mays, and James Jones,
Plaintiffs Below, Petitioners**

FILED

April 17, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 12-0708** (Wyoming County 04-C-252)

**Island Creek Coal Company, SGS North American,
Inc.; Consolidation Coal Company; Commercial
Coal Testing, LLC; Precision Testing Laboratory, Inc.;
Preiser Scientific, Inc.; Westmoreland Coal Company;
and Central Testing,
Defendants Below, Respondents**

## MEMORANDUM DECISION

Petitioners, by counsel, Thomas F. Basile and William A. Walsh, appeal the Circuit Court of Wyoming County's "Order Granting All Defendants' Motions for Summary Judgment" entered on April 12, 2012. Respondents Island Creek Coal Company, SGS North America, Inc., Consolidation Coal Company, Commercial Coal Testing, LLC, Precision Testing Laboratory, Inc., and Westmoreland Coal Company, by counsel, Jace Goins, Robert Pollitt, Michael Grim, Jeffrey Van Volkenburg, P. Gregory Haddad, Rebecca Donnellan-Pomeroy, Sarah Smith, Rhonda Harvey and Thomas Hancock, filed a joint response in support of the circuit court's order. Respondent Preiser Scientific, Inc., by counsel, Webster Arceneaux, III, Valerie Raupp and Lori Counts-Smith, filed a separate response in support of the circuit court's order. Petitioners did not file a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these

1

reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioners filed their original Class Action Complaint in this matter in September of 2004 and an Amended Complaint in 2007. They alleged that numerous employers in the coal industry deliberately exposed a class of employees to "float-sink" chemicals, including perchloroethylene.[1]

Specifically, petitioners advanced a deliberate intent action against Island Creek Coal Company, Consolidation Coal Company, SGS North America, Inc., Massey Energy Company, Precision Testing Laboratory, Inc. and Commercial Coal Testing, LLC. They advanced a products liability action against Preiser Scientific, Inc., The Dow Chemical Company, Legacy Vulcan Corporation, PPG Industries, Inc., ICI-IP America, Inc., Occidental Chemical Corporation, and Morre-Tec Industries, Inc. Lastly, petitioners advanced a medical monitoring cause of action against all defendants, alleging that the defendants failed to properly monitor toxicity levels while the petitioners were operating "float-sink" labs.

During the course of the litigation, the circuit court entered scheduling orders on December 28, 2007, May 29, 2008, and June 11, 2009, setting deadlines for the disclosure of fact witnesses, expert designations, and the conclusion of discovery. Petitioners never once designated their fact or expert witnesses under any of the court's scheduling orders. As a result, by order entered on February 17, 2010 (the "Sanctions Order"), the circuit court prohibited petitioners from calling any non-party fact witnesses or expert witnesses at trial.[2] Thereafter, petitioners sought extraordinary relief from this Court by filing a Verified Petition for Relief by Writ of Prohibition, challenging the "Sanctions Order." We denied the petition by Order entered on June 1, 2010. *State ex. rel. Addair v. Alsop,* No. 100704.

In December of 2010, a group of nine of the current petitioners appealed an order of the circuit court that granted summary judgment with regard to their deliberate intent claims against

---

[1] "Float-sink" testing is a process used to determine the quality of coal, in which the coal is crushed, soaked in chemicals, dried, and then analyzed.

[2] The Appendix Record submitted to this Court is silent as to whether a complaint has been filed with the Office of Disciplinary Counsel ("ODC") in connection with counsels' failure to comply with the court's orders. Due to the nature of the conduct giving rise to the circuit court's "Sanctions Order," we find a referral of this matter to the ODC to be warranted. "[W]hen this Court believes a case before it presents the appearance of conduct that does not comport with [the Rules of Professional Conduct ("RPC")], we will comply with the Rule 8.3(a) of the RPC and Canon 3D(2) of the Code of Judicial Conduct, and refer the matter to the [ODC] for its review." *Gum v. Dudley,* 202 W.Va. 477, 491, 505 S.E.2d 391, 405 (1997) (footnotes omitted). Accordingly, we direct the Clerk of the Supreme Court of Appeals to transmit a certified copy of this decision to the ODC.

certain defendants.[3] On February 9, 2012, we issued a Memorandum Decision in *Addair, et al. v. Litwar Processing, LLC, et al.,* No. 11-0397, ("*Addair I*")[4], in which we affirmed the dismissal of the subject deliberate intent claims, concluding that "expert testimony is necessary to establish that the plaintiff petitioners have 'suffered serious compensable injury or compensable death . . . as a direct and proximate result of the specific unsafe working condition.'" (quoting from W.Va. Code § 23-4-2(d)(2)(ii)(E)).[5] We denied rehearing by Order entered on March 29, 2012.

On April 12, 2012, the circuit court entered an "Order Granting All Defendants' Motions for Judgment," dismissing the case in its entirety. The circuit court concluded that based on *Addair I,* petitioners could not prove any of their remaining claims without expert testimony.

On appeal, petitioners raise three assignment of error. First, they argue that the circuit court abused its discretion by imposing the sanction. Petitioners contend that a trial court "should be extremely guarded against imposing sanctions that tend to eviscerate a party's case on a critical issue." *Goldizen v. Grant Co. Nursing Home,* 225 W.Va. 371, 376, 693 S.E.2d 346, 351 (2010).

This Court has reviewed the circuit court's sanction on two prior occasions - in the petition for writ of prohibition and in *Addair I* - and has rejected petitioners' argument both times. Petitioners say nothing in their present appeal which calls for a different conclusion. Review of a trial court's sanction is limited to whether the court abused its discretion, not whether the court should have imposed a more lenient penalty. *Sheely v. Pinion,* 200 W.Va. 472, 490 S.E.2d 291 (1997). In Syllabus Point 2 of *Bartles v. Hinkle,* 196 W.Va. 381, 472 S.E.2d 827 (1996), this Court set forth the following standard for formulating sanctions:

> In formulating the appropriate sanction, a court shall be guided by equitable principles. Initially, the court must identify the alleged wrongful conduct and determine if it warrants a sanction. The court must explain its reasons clearly on the record if it decides a sanction is appropriate. To determine what will constitute an appropriate sanction, the court may consider the seriousness of the conduct, the impact the conduct had in the case and in the administration of justice, any

---

[3] The circuit court based its dismissal of the deliberate intent claims on the fact that petitioners had not sustained compensable injuries as determined in their worker's compensation claims. As a "compensable injury" is one of the required elements of a deliberate intent action pursuant to West Virginia Code § 23-4-2, the circuit court ruled that the claims were barred by collateral estoppel.

[4] The caption of the present appeal was changed by Order entered on August 6, 2012.

[5] The following defendant employers were granted summary judgment, which was affirmed in *Addair I*: Virginia Crew Coal Company; Independence Coal Company, Inc.; Rawl Sales & Processing, Inc.; Buffalo Mining Company; Standard Laboratories, Inc.; Noone Associates, Inc.; Westmoreland Coal Company; Pittston Coal Management Company; Pittston Coal Sales Corporation; Marfork Coal Company, Inc.; Massey Energy Company; Massey Coal Services, Inc.; and Massey Coal Capital Corporation.

mitigating circumstances, and whether the conduct was an isolated occurrence or was a pattern of wrongdoing throughout the case.

The record in the present case reveals that petitioners failed to comply with the deadline for disclosure of expert witnesses on at least three occasions. The sanctions did not come without warning from the circuit court that failure to comply with a scheduling order may result in the imposition of sanctions, including possible dismissal of the case or a pleading being stricken. Additionally, the circuit court opted not to dismiss the action, as was requested by respondents, but rather, chose the more lenient sanction of prohibiting petitioners from calling expert witnesses. Finally, petitioners' reliance on *Goldizen* is misplaced because that case did not involve a pattern of willful disobedience of scheduling orders. To the contrary, that case involved a sanction levied, and subsequently overturned, because counsel was unable to locate a witness for a deposition. In the present case, we simply cannot find that the circuit court abused its discretion by prohibiting petitioners from calling expert witnesses after they repeatedly failed to comply with the court-ordered deadlines by which to disclose them.

Second, petitioners argue that the circuit court misapplied the law in dismissing its products liability/failure-to-warn cause of action against Respondent Preiser Scientific, Inc., asserting that expert testimony is not required. The elements of a failure-to-warn claim are: (1) use of the product must be foreseeable, (2) the product was defective due to a failure to warn, and (3) the failure to warn proximately caused the injury. *Ilosky v. Michelin Tire Corp.,* 172 W.Va. 435, 307 S.E.2d 603 (1983). Petitioners argue that they can establish these elements, and the jury can understand the case, without the assistance of an expert. We disagree.

As we recognized in *Addair I,* petitioners' claims are all complex chemical exposure cases based on occupational exposure to "float-sink" chemicals. In *Addair I,* we held that both the illnesses claimed and the alleged proximate causation between the alleged illness and the chemical exposure were outside of the knowledge and experience of the average person. We stated as follows:

> These are not simple ailments that have resulted from common causes familiar to the average layperson. Instead these are complex illnesses that allegedly have arisen from exposure to chemicals of which the average person has no knowledge or experience. Under these circumstances, we find expert testimony to be necessary to establish the existence of an occupational disease.

*Id.* at 7. As petitioners' alleged illnesses and exposures to "float-sink" chemicals are the same for their deliberate intent and product liability claims, we see no reason to abandon our holding in *Addair I.* Moreover, we have previously held that expert testimony is necessary in cases with an obscure injury. *See, e.g.,* Syl. Pt. 15, in part, *Strahin v. Cleavenger,* 216 W.Va. 175, 603 S.E.2d 197 (2004), citing Syl. Pt. 11, *Jordan v. Bero,* 158 W.Va. 28, 210 S.E.2d 618 (1974)("[W]here the injury is obscure, that is, the effects of which are not readily ascertainable, demonstrable or subject of common knowledge, mere subjective testimony of the injured party or other lay witnesses does not provide sufficient proof; medical or other expert opinion testimony is required to establish the future effects of an obscure injury to a degree of reasonable

4

certainty.") Therefore, we conclude that the circuit court did not err in dismissing petitioners' products liability/failure to warn cause of action.

Third, petitioners argue that Judge Jack Alsop[6] should have recused himself due the fact that his son and daughter-in-law are members of Jackson Kelly, PLLC, which represented several of the defendants in the case.[7] As support, petitioners point to the Code of Judicial Conduct, Canon 3(E)(d)(iii), which provides that voluntary recusal of a judge is supported where "the judge or judge's spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person: . . . is known by the judge to have a more than de minimus interest that could be substantially affected by the proceeding."

We find that petitioners have waived this issue for appeal, as they did not file a motion seeking disqualification of Judge Alsop as required by West Virginia Trial Court Rule 17.01. Instead, petitioners' counsel submitted a letter to Judge Alsop dated June 22, 2009, requesting his recusal. This letter resulted in Judge Alsop entering an "Order Denying Voluntary Recusal Request" on July 2, 2009, in which Judge Alsop stated that his son and daughter-in-law were not, and had never been, involved in this litigation. Notably, in his order, Judge Alsop directed the parties to file a motion pursuant to Trial Court Rule 17.01 if they desired his disqualification. No such motion was ever filed. Therefore, petitioners have waived their right to appeal this issue. *See Arneault v. Arneault,* 216 W.Va. 215, 605 S.E.2d 590 (2004).

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** April 17, 2013

**CONCURRED IN BY:**

Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISQUALIFIED:**

Chief Justice Brent D. Benjamin

---

[6] Judge Alsop was sitting by special assignment.

[7] Jackson Kelly, PLLC does not represent any of the respondents in the present appeal.