# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Calvin T. Odom,**
**Plaintiff Below, Petitioner**

**vs) No. 14-0993** (Jefferson County 13-C-464)

**Partners for Payment Relief, DE III, LLC;**
**Partners for Payment Relief, LLC;**
**Baily, Joseph & Slotnick, PLLC c/o Amy Haynie;**
**The Law Office of Kathy M. Santa Barbara, PLLC;**
**Pill and Pill, PLLC; and FCI Lending Services, Inc.,**
**Defendants Below, Respondents**

**FILED**

June 15, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Calvin T. Odom, appearing *pro se*, appeals the order of the Circuit Court of Jefferson County, entered August 29, 2014, that awarded sanctions against petitioner in the sum of $5,000 in favor of Respondent Baily, Joseph and Slotnick, PLLC ("the law firm").[1] The award of sanctions was based on the circuit court's April 23, 2014, order that dismissed the law firm and Amy J. Haynie, an attorney at the law firm, from the underlying lawsuit in this case. The law firm, by counsel Albert C. Dunn, Jr., filed a response. Petitioner filed a reply. On appeal, petitioner argues that the circuit court erred in dismissing the law firm and Ms. Haynie from his lawsuit and in granting the law firm's motion for sanctions against him.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner filed the instant action on December 31, 2013, which is related to petitioner's claims associated with the foreclosure on his property at 731 Chickamauga Drive in Harpers Ferry, West Virginia. *See Odom v. Partners for Payment Relief*, No. 14-0865 (W.Va. Supreme Court, June 12, 2015) (memorandum decision) ("*Odom I*"). In his complaint, petitioner alleged that respondents engaged in illegal activity in the trustee sale process which included violating the West Virginia Consumer Credit Protection Act and other laws regarding the licensing and registration of mortgage lenders and debt collectors in West Virginia. Petitioner also asserted causes of action for fraud, negligence, and unconscionable conduct.

---

[1] The remaining respondents do not appear herein.

1

The summons served with the complaint identified "[the law firm] c/o Amy J. Haynie" as defendants. While Ms. Haynie is an attorney employed by the law firm, she is not an officer, director, or agent of the law firm. Further, petitioner's complaint contained no specific allegations against Ms. Haynie, and petitioner never served the complaint and a summons upon her.

On January 15, 2014, the law firm and Ms. Haynie contacted petitioner and demanded that he voluntarily dismiss his complaint given that the claims raised therein had already been litigated in an earlier case filed by petitioner in the Circuit Court of Jefferson County, No. 12-C-247. Petitioner refused the demand by correspondence dated January 28, 2014. In response, the law firm and Ms. Haynie timely filed a motion to dismiss petitioner's law suit against them on January 27, 2014. The circuit court granted the law firm and Ms. Haynie's motion in a final order entered on April 23, 2014. Petitioner did not appeal this order.

Meanwhile, on April 10, 2014, the law firm filed a motion for sanctions against petitioner pursuant to Rule 11 of the West Virginia Rules of Civil Procedure. The circuit court granted that motion on July 16, 2014, and later held a hearing to determine the amount of the sanctions to be assessed against petitioner. By order entered August 29, 2014, the circuit court set the award of sanctions at $5,000.[2] Thereafter, petitioner filed a motion asking the circuit court to reconsider its August 29, 2014, order. The circuit court denied that motion by order entered September 17, 2014. Petitioner now appeals that order.

"The standard of review applicable to an appeal from a motion to alter or amend a judgment, made pursuant to W. Va. R. Civ. P. 59(e), is the same standard that would apply to the underlying judgment upon which the motion is based and from which the appeal to this Court is filed." Syl. Pt. 1, *Wickland v. Am. Travellers Life Ins. Co.*, 204 W.Va. 430, 431, 513 S.E.2d 657, 658 (1998). We review the circuit court's imposition of sanctions under an abuse of discretion standard. *See Sheely v. Pinion*, 200 W.Va. 472, 476, 490 S.E.2d 291, 295 (1997) ("On the appeal of sanctions, the question is not whether we would have imposed a more lenient penalty had we been the trial court, but whether the trial court abused its discretion in imposing the sanction.")

Petitioner raises three assignments of error on appeal. Petitioner first argues that the circuit court erred in granting the law firm and Ms. Haynie's motion to dismiss his complaint. "Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*." *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W.Va. 770, 773, 461 S.E.2d 516, 519 (1995). The April 23, 2014, order that dismissed the law firm and Ms. Haynie from petitioner's complaint was a final order which petitioner did not appeal. Therefore, petitioner cannot now challenge the circuit court's findings in that order. That said, we note that in its April 23, 2014, order the circuit found as follows:

---

[2] The circuit court further entitled the law firm to an additional award if petitioner appealed its July 16, 2014, order (granting the law firm's motion for sanctions) or the April 23, 2014, order (granting the law firm and Ms. Haynie's motion to dismiss), and the outcome of such an appeal was unfavorable to plaintiff.

2

(1) Pursuant to the doctrine of estoppel, petitioner is precluded from litigating the matters resolved in the circuit court's September 26, 2013, order in Jefferson County 12-C-247.

(2) Petitioner's complaint against the law firm must be dismissed because it was not served upon an officer, director, or agent of the law firm as required by Rule 12(b)(5) of the Rules of Civil Procedure. Further, petitioner's complaint against Ms. Haynie must be dismissed because it was not served upon her pursuant to Rule 12(b)(4) and (5) of the Rules of Civil Procedure.

(3) Petitioner's complaint is void of any specific allegations of fact or law that would give rise to a legal cause of action against either the law firm or Ms. Haynie. Further, petitioner failed to plead fraud with specificity in violation of Rule 9(b) of the Rules of Civil Procedure.

The record on appeal supports these findings. Consequently, we find that the circuit court did not err in granting the law firm and Ms. Haynie's motion to dismiss.

Petitioner next argues that the circuit court erred in granting the law firm's motion for sanctions. With regard to sanctions, we have held that,

> In formulating the appropriate sanction, a court shall be guided by equitable principles. Initially, the court must identify the alleged wrongful conduct and determine if it warrants a sanction. The court must explain its reasons clearly on the record if it decides a sanction is appropriate. To determine what will constitute an appropriate sanction, the court may consider the seriousness of the conduct, the impact the conduct had in the case and in the administration of justice, any mitigating circumstances, and whether the conduct was an isolated occurrence or was a pattern of wrongdoing throughout the case.

Syl. Pt. 2, *Bartles v. Hinkle*, 196 W.Va. 381, 472 S.E.2d 827 (1996).

In the instant case, the circuit court comported with Syllabus Point 2 of *Bartles* given that it identified petitioner's wrongful conduct and determined that the conduct warranted a sanction. Specifically, in the July 16, 2014, order that granted the law firm's motion for sanctions, the circuit court noted that (1) the law firm complied with Rule 11 of the Rules of Civil Procedure in asking petitioner to voluntarily dismiss his complaint before it filed a motion for sanctions; (2) petitioner's complaint was evidence of his refusal to accept the circuit court's previous rulings in *Odom I*; (3) petitioner's lawsuit was an attempt to harass the law firm and Ms. Haynie and to force them to incur unnecessary costs to defend themselves; and (4) petitioner's goal in filing his lawsuit was to wrongfully remain on his foreclosed property for as long as possible. The record on appeal wholly supports these findings. Accordingly, we find that the circuit court did not abuse its discretion in granting the law firm and Ms. Haynie's motion for sanctions.

As for the amount of the award of sanctions assessed against petitioner, we note that in petitioner's opening and reply briefs to this Court, he does not argue that the circuit court abused its discretion in setting the award at $5,000. We also note that the circuit court (1) set that amount following a hearing on the matter in which both parties were allowed to present

3

evidence, and (2) based the award solely on the law firm's costs to defend against petitioner's complaint. On this record, we find the circuit court did not abuse its discretion in awarding sanctions in the amount of $5,000 against petitioner. Accordingly, we find the circuit court did not err in denying petitioner's motion to reconsider its order awarding sanctions.

Petitioner's third and final assignment of error is that the circuit court's award of sanctions was premature given that this Court has not yet ruled on petitioner's appeal in *Odom I*. Petitioner's argument in this regard is moot given that our decision in *Odom I* was filed on June 12, 2015, prior to the drafting of this memorandum decision. Importantly, in *Odom I*, we affirmed the September 26, 2013, order of the Circuit Court of Jefferson County that granted summary judgment to another respondent in this case, Partners for Payment Relief, DE III, LLC, on its complaint against petitioner for unlawful retainer of real property. In so doing, we rejected all of petitioner's claims that might relate, in any way, to the award of sanctions raised in this appeal.

For the foregoing reasons, we affirm the circuit court's August 29, 2014, order.

Affirmed.

**ISSUED:** June 15, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

4